TRUSSELL v DECKER

Docket No. 81640. Submitted October 2, 1985, at Lansing.—Decided November 19, 1985.

The township board of Union Township, Isabella County, adopted a resolution to build a water system in a portion of the township, to be paid for through a special assessment against the properties in the district. The board resolved also to hold a public hearing on the proposed plan. Notice of the resolution and of the hearing was sent to the landowners affected, including plaintiff, Vickie L. Trussell. The notice stated that all "objections and comments pertaining to said improvement will be heard at said hearing". The notice did not inform plaintiff of the right to a referendum by which the proposed improvement could be prevented if the written objections of 20% of the affected property owners were filed at or before the public hearing. Plaintiff attended the public hearing and voiced her objection to the project, but at that hearing the board adopted a resolution to proceed and directed the township supervisor, Keith M. Decker, to prepare a special assessment roll. Plaintiff thereafter brought an action seeking to enjoin the township supervisor and the township from creating a special assessment district and from preparing a special assessment roll. Plaintiff alleged that the notice had been insufficient and had denied plaintiff due process of law. The Isabella Circuit Court, David E. Burrows, J., enjoined the defendants from proceeding with the project, finding that the notice, while it complied with the statutory requirements for such notice, was misleading and denied plaintiff due process of law. Defendants appealed. *Held:*

1. Plaintiff's motion to dismiss the appeal as being moot is denied. Although the township has adobpted a subsequent resolution which does not include plaintiff's property within a

REFERENCES

Am Jur 2d, Constitutional Law §§ 827 *et seq.*

Am Jur 2d, Notice §§ 1 *et seq.*

Am Jur 2d, Special or Local Assessments §§ 133 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Notice; Special Assessments.

new special asessment district, no decision has been made to abandon the resolution at issue herein.

2. The notice sent to plaintiff was not rendered insufficient by its failure to contain a reference to other statutory remedies available to plaintiff.

3. The notice, while it complied with the statutory requirements, was insufficient and denied plaintiff due process of law for two reasons. First, it did not indicate whether the proposed project was initiated by the township board or by petition of 51% of the affected landowners, thus making it unclear how plaintiff should respond prior to the public hearing. Second, the wording of the notice was misleading in that it might lead the reader to believe that his only right would be to attend the public meeting and voice his objections.

Affirmed.

1. NOTICE — MUNICIPAL CORPORATIONS — SPECIAL ASSESSMENT DISTRICTS — SUFFICIENCY OF NOTICE.

A notice issued to affected property owners regarding the formation of a special assessment district for a public improvement project, which notice otherwise complies with the statutory requirement, is not insufficient and a denial of due process by reason of its failure to contain a reference to other statutory provisions affording remedies to persons affected by the special assessment (MCL 41.721 *et seq.;* MSA 5.2770[51] *et seq.).*

2. NOTICE — DUE PROCESS — SUFFICIENCY OF NOTICE.

Due process requires that, in any proceeding involving notice, the notice given be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; such notice must be worded in a manner which does not mislead an interested party in deciding how to respond to the notice given.

*William R. Thompson,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Thomas C. Phillips* and *Timothy S. Knowlton),* for defendants.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

PER CURIAM. In this matter of first impression

* Circuit judge, sitting on the Court of Appeals by assignment.

we are asked to decide the sufficiency of notice given plaintiff of a proposed special assessment district for a water improvement project to be constructed by the township under MCL 41.721 *et seq.;* MSA 5.2770(51) *et seq.* On June 8, 1984, the trial court found the notice to be insufficent and issued an order enjoining defendants from proceeding with the project, the preparation of the assessment roll based upon the creation of a special assessment district, and declaring the resolution establishing the special assessment district void. From the order so issued, defendants appeal as of right.

Defendant Keith M. Decker is the township supervisor of defendant Union Township, a township of more than 2,000 persons in Isabella County. On April 4, 1984, defendant township initiated proceedings under 1954 PA 188, as amended, MCL 41.721 *et seq.;* MSA 5.2770(51) *et seq.,* by adopting a resolution to design and build a water system in the eastern portion of the township, which district included the property owned by the plaintiff, the cost of which water system would be paid through a special assessment levied against the properties located in the district. On the same date, after receiving their engineer's report, the township adopted a resolution to hold a public hearing on the proposed plan.

On May 4, 1984, plaintiff received notice of the proposed improvement and assessment district and the fact that a public hearing would be held on May 15, 1984. However, the notice did not inform plaintiff of her right to referendum under MCL 41.723(1)(b); MSA 5.2770(53)(1)(b). Under that section the proposed improvement could not be made "if the record owners of land constituting more than 20% of the total land area in the special assessment district file their written objections

thereto with the township board at or before the hearing".

Plaintiff attended the public hearing on May 15, 1984, and objected to the proposed improvement. At the meeting plaintiff for the first time learned of the right to a referendum on the proposed project. At the meeting the township board adopted a resolution to proceed with the improvement and directed defendant supervisor to prepare a special assessment roll. Thereafter, plaintiff contacted an attorney who advised her that the right to referendum could only be effective if the written objections of 20% of the property owners were filed at or before the public hearing of May 15, 1984.

On May 29, 1984, plaintiff filed her complaint to enjoin the township and the township supervisor from creating a proposed special assessment district for water improvements and from preparing a special assessment roll. The complaint alleged both that the notice sent to property owners in the proposed district, including plaintiff, did not comply with the applicable statutory requirements and that the notice of the proposed district and improvements denied plaintiff due process of law under the federal and state constitutions.

On June 5, 1984, a hearing was held on plaintiff's order to show cause why an injunction should not be issued, restraining defendants from proceeding with the water improvement project. At the hearing plaintiff testified and the parties stipulated to the facts hereinbefore recited. On June 8, 1984, the trial judge issued an opinion enjoining defendants from proceeding with the project. The basis of the court's decision was that the notice given plaintiff was misleading and denied plaintiff due process of law. At the same time the court found that the notice complied with the require-

ments for notice set forth in § § 4 and 4a of the statute. MCL 41.724a; MSA 5.2770(54a). As explained by the court:

"In the case here under consideration, plaintiff would have had to file her *written* objections at or before the May 15, 1984 public meeting, and she would have had to have had sufficient co-objections (record owners of land) to constitute 'more than 20%' of the total land area in the special assessment district. Was there anything—any wording whatsoever—contained in the Notice she was mailed which told her either of those things? The answer is obvious. Not only was she *not* told of these two requirements, but the statutory language contained in the notice is so inherently deceptive and misleading as to lead her to believe to the contrary: *'All objections and comments pertaining to said improvement will be heard at said hearing.'* Like the taxpayer in *Alan v Wayne County,* 388 Mich 210, 331 (1972) she was *'lulled to sleep'* by being told that 'all objections * * * will be heard.' Plaintiff in the case here under consideration could no more make an *informed judgment* about the fact that her objections needed to be *in writing* and about whether she should start organizing her friends and neighbors to file such objections 'to prevent the imposition of a potentially enormous additional tax buden' than the Plaintiffs in the *Alan* case." (Emphasis supplied by the trial court.)

One issue is raised on appeal, *viz.:* Was plaintiff denied due process of law by the notice informing her of the right to object to proposed water improvements because the notice did not include information not legislatively mandated to be included in the notice? Shortly before October 2, 1985, the date set for oral argument on appeal, plaintiff's trial counsel filed a "Motion to Dismiss Appeal as Moot" together with a supporting brief. At the request of this Court, plaintiff's counsel appeared at oral argument. Counsel argued that the case was rendered moot because Union Town-

ship, by two resolutions adopted August 7, 1985, proposed a different special assessment district which did not include plaintiff's property and set August 22, 1985, as the date for hearing thereon.

Attached to counsel's brief was a copy of the resolutions establishing a new proposed district, the last paragraph of which stated that "all resolutions and parts of resolutions insofar as they conflict with the provisions of this resolution be and the same hereby are rescinded". Counsel argued that the township board's action on August 7, 1985, effectively cancelled the water improvement district proposed on April 4, 1984. Furthermore, counsel noted that the notice of the public hearing given residents of the proposed new district contained all of the information which plaintiff contended should have been included in the notice of the public hearing of May 15, 1984.[1]

In response defendants' counsel argued, and at the request of the Court subsequently filed a brief, that the resolution adopted August 7, 1985, was expressly worded as "a tentative determination" and that no final decision had yet been made by the township board to abandon the special access-ment district created by the board's resolution of May 22, 1984. Counsel explained that the reason why the first proposed assessment district had not been abandoned was because 20% of the record property owners had filed objections to the project at the public hearing and the board was waiting to see if a petition containing signatures of 51% of

---

[1] "The foregoing improvements may be made by the township board without petition providing that the record owners of lands constituting more than 20% of the total land area described above do not file written objections thereto with the township board at or before the hearing to be held August 22, 1985. In the event of the filing of such petiton, the foregoing improvements may not be undertaken without a petition signed by the record owner of lands constituting at least 51% of the special assessment district as finally thereafter established by the township board."

the proposed district petitioning the township to proceed with the project would be filed. Attached to defendant's brief as Exhibit A was a copy of the township board's resolution adopted October 2, 1985, reading in relevant part:

"NOW THEREFORE, BE IT RESOLVED THAT:

"1. No final decision has been made by the Township Board to abandon the special assessment district created by this Board's 'Resolution No. 3' adopted on May 22, 1984. Depending on the outcome of the appeal concerning this special assessment district, and whether owners of land constituting at least 51% of the special assessment district created by adoption of 'Resolution No. 2' by the Township Board on August 7, 1985, petition the Township to proceed with the proposed improvements, the Township Board may elect to prepare an assessment roll and proceed with the water improvement project created by 'Resolution No. 3', adopted on May 22, 1984.

"2. The Township Board instructs Miller, Canfield, Paddock and Stone to continue to prosecute the Township's appeal concerning whether the special assessment district created by 'Resolution No. 3' on May 22, 1984, was created in a lawful manner.

"3. All resolutions and parts of resolutions insofar as they conflict with the provisions of this resolution be and the same hereby are rescinded."

Based on the above facts we conclude that a final decision has not yet been made to abandon proceeding with the water project initially proposed and involved in the instant case. Accordingly, we hold that the present appeal is not moot and deny plaintiff's motion.

The establishment of township special water improvement districts is governed by 1954 PA 188 as amended, MCL 41.721 *et seq.;* MSA 5.2770(51) *et seq.* Under § 3(b) of the statute water main improvements may be instituted in two ways: (1)

by petition signed by owners of 51% of the land area in the proposed district, (2) in townships exceeding 2,000 in population, on the township board's own initiative, "but an improvement shall not be made without petition if the record owners of land constituting more than 20% of the total land area in the special assessment district file their written objections thereto with the township board at or before the hearing described in section 4 of this act". MCL 41.723; MSA 5.2770(53).

Section 4 of the statute requires: (1) that a notice fixing a time and place for a meeting to hear objections to the improvement and special assessment district be prepared; (2) publication of the notice of the hearing as to the proposed district two times before the hearing; (3) a statement in the notice that plans and estimates for the project are on file with the township clerk for public examination; and (4) that a description of the proposed assessment district be included in the notice. In addition, § 4a of the act, MCL 41.724a(2); MSA 5.2770(54a)(2), mandates that the notice of the proposed improvement district be mailed by first class mail to owners of properties to be included in the assessment district at least ten days prior to the hearing on whether the district should be established.

The published and mailed notice of the public hearing to be held May 15, 1984, advised plaintiff and the other affected property owners within the proposed district of the proposed special assessment district and of the time and place of the public hearing at which objections could be heard but did not contain any reference to the fact that the improvement could not be made "if the record owners of land constituting more than 20% of the total land area in the special assessment district file their written objections thereto with the town-

ship board at or before" the hearing May 15, 1984. The notice sent to plaintiff and other residents within the district read as follows (emphasis added):

"NOTICE OF HEARING ON SPECIAL ASSESSMENT IMPROVEMENT BY UNION TOWNSHIP BOARD

"TO THE OWNERS OF ALL LOTS AND PARCELS OF PROPERTY ABUTTING THE FOLLOWING DESCRIBED IMPROVEMENT:

* * *

"WHEREAS, the Union Township Board has tentatively determined to make certain water improvements consisting of water mains together with necessary attachements and appurtenances thereto; and

"WHEREAS, this Board having tentatively declared its intention to make such improvement and tentatively designated the above described premises as a special assessment district against which the cost of said improvement is to be assessed; and

"WHEREAS, this Board has caused to be prepared plans showing the improvement, the location thereof and an estimate of the costs thereof which have been filed with the Union Township Clerk, Union Township, Isabella County, Michigan, for public examination.

"Public notice is hereby given that this Board will meet on May 15, 1984, at 8:00 p.m., Eastern Standard Time, at the West Intermediate School, 440 S. Bradley, Mt. Pleasant, Michigan, to hear objections to the petition, to the improvement and to the special accessment district therefore.

"*All objections and comments pertaining to said improvement will be heard at said hearing.*
"/s/ Marion L. McDonald
Union Township Clerk"

The thrust of plaintiff's argument at the hearing of June 5, 1984, was that the notice was deficient in that it failed to include a specific reference to

the statutory provision that the proposed improvement could not be made if objections of 20% of property owners within the district were filed on or before the date set for the public hearing. Without such notice, counsel argued, his client was shut off and her attendance at the meeting was without avail:

"Mrs. Trussell went out there, ready, willing and able to object, unfortunately for her, she either didn't go to law school, or hadn't talked to a lawyer, or wasn't sophisticated enough to read the Public Acts of this State, so she didn't know that her objections *had to be in writing,* had to be signed by owners of more than 20 per cent of the area involved, and of those objection *[sic]* had to be filed at or before that meeting, 8:00 p.m., May 15th because if they weren't your Honor, then her appearance at that hearing and every man, woman and child who owned that property showed up and said we don't want it, the Board could of, in fact, in substance did say, 'We don't care.'

"Because *her rights and the rights of all her neighbors were then shut-off, they have no further recourse.*

\* \* \*

"The most critical factor, that it must state, is that the Township is proceeding by it's own Resolution and that is Mrs. Trussell and other persons in the affected area want to object then their objections must be in writing and must be filed at or before the meeting and signed by, oh, 20 per cent owners of the record of 20 per cent of the area involved. Now, had the notice set forth that information, Mrs. Trussell would have then been armed as would her neighbors with the information necessary to know that *it's not the attendance at the meeting that makes any difference, it's getting the objections in the proper form."* (Emphasis supplied.)

In effect, counsel's argument is that the *only way* plaintiff could object to the improvement was to file petitions of 20% of the property owners of the proposed district at or before the public hear-

ing, and, accordingly, without an express reference in the notice to the remedy available to plaintiff in § 3(b) of the statute,[2] plaintiff was deprived of due process of law, or the statute itself was unconstitutional. In reply, defendants contend that the statute requires notice of a public hearing—not notice that an organized minority of affected property owners could halt the proposed project—and that the Michigan Supreme Court has never held that the citizenry is entitled to special notice of all of its rights arising out of a given governmental action.

We decline to hold that notice of hearing is insufficient and a denial of due process unless the notice contains a reference to other statutory provisions available to the person affected. With the possible exception of *Alan v Wayne County,* 388 Mich 210; 200 NW2d 628 (1972), plaintiff cites no authority, nor have we found any, which requires a notice to contain a cross-reference to other remedies. Municipal authorities have enough trouble implementing needed public improvements without the Court's further complicating the process.

Further, we disagree with plaintiff's argument that if Mrs. Trussell wanted to object, her objections "had to be in writing, had to be signed by more than 20% of the area involved" and "had to be filed at or before 8:00 p.m., May 15" because if they were not, she was shut off. Plaintiff's right to object at the hearing was not dependent upon the filing of a written petition. Under the statute she was entitled to appear and voice objections. This she did and apparently with some success since two of the five-member township board changed their votes to "No" on going ahead with the proposed improvement.[3]

---

[2] MCL 41.723; MSA 5.2770(53).

[3] All five members of the township board approved the proposed

However, our conclusion in the above respect does not necessarily indicate that the trial court erred. For the trial court's decision does not rest solely upon the lack of a specific reference to the 20% written objection provision in § 3(b). The trial court also found that the notice actually given contributed to the plaintiff's and other property owners' not pursuing all of their statutory rights. In any proceeding involving notice, due process requires that the notice given be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections", *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

In *Ridenour v Bay County,* 366 Mich 225, 242; 114 NW2d 172 (1962), a special assessment project was set aside on grounds that the notice was insufficient because it was not given by mail but only by publication. Recently, in *Alan, supra,* notice that the county proposed to raise $371,000,000 through the issuance of revenue bonds for the construction of a downtown stadium was found insufficient because it misrepresented how and from what sources the funds to pay the bondholders would be raised. Although *Alan* is factually different from the instant case, primarily because it involved a situation where the local government misrepresented the nature of the issue rather than, as here, an omission of what could be done at or before the public meeting to delay or defeat the proposed improvement, the *Alan* Court stressed that a notice must be worded in a manner which would not mislead a taxpayer or voter in deciding how to respond to the notice given:

assessment district on April 4, 1984. Following the public hearing on May 15, 1984, the board voted three to two to proceed.

"In giving notice to taxpayers regarding public securities, to comport with due process the notice must be phrased with the general legal sophistication of its beneficiaries in mind. As phrased it must not make any misleading or untrue statement; *[sic]* or fail to explain, or omit any fact which would be important to the taxpayer or elector in deciding to exercise his right. In short, the notice may not be misleading under all the circumstances." 388 Mich 353.

Applying the above case law to the instant situation, we now inquire whether notice given plaintiff was sufficient. We think it was not for two reasons. First, the notice published in the newspaper and sent to plaintiff and other residents did not clearly state that the proposed project was a township board initiated project rather than a project undertaken following receipt of a petition signed by 51% of the landowners in the area.[4] Without definitely knowing under which of the two ways authorized under § 3(b) of the statute the improvements were being instituted, the property owner would not know the manner in which he or she should respond prior to the date set for public hearing.

Second, the final sentence in the notice indicates that *all* objections and comments pertaining to the water project would be heard at the hearing. Not only did it not inform plaintiff that her objections should be presented in writing at or before the hearing in order to preserve her right under the statute to join with 20% of the landowners in stopping the project, the notice implied that the only available forum for objections to the water

---

[4] While the notice did state that the township board had "determined to make certain water improvements", and had "declared its intention to make such improvements", it is unclear whether such decision was made on the board's own initiative or in response to petitions received from 51% of the district's landowners.

project was to be present at the May 15 hearing and voice objections.

Although persons sophisticated in the law, such as lawyers, judges and elected officials, might well realize, or at least suspect, that they have rights under statutes other than those set forth in a public notice, the average resident of Union Township reading the notice might well conclude that his only right, at least until the date and time of the public hearing, was to attend the public hearing and voice his objections. This is particularly so because of the last sentence in the notice which stated that all objections and comments concerning the proposed project would be heard at the meeting.

Accordingly, we conclude that the trial court correctly determined that the notice given in the instant case denied due process and was insufficient. Not only must the notice comply with the requirements of the statute, it must not be worded in such a way that it precludes the people affected from discovering or exercising other rights they may have under other applicable statutes.

Affirmed. No costs, a question of public importance being involved.