*In re* HARDIN

Docket No. 118839. Submitted March 14, 1990, at Grand Rapids. Decided June 4, 1990.

John Michael Hardin, a minor, was found guilty of malicious destruction of property valued in excess of $100 following a bench trial in the Mecosta County Probate Court, Lavail E. Hull, J. Hardin was made a ward of the state under the Youth Rehabilitation Services Act. Hardin appealed.

The Court of Appeals *held:*

1. Respondent's claim that there was insufficient evidence to find him guilty of malicious destruction of property is rejected. There was sufficient evidence from which a rational trier of fact could have found respondent guilty beyond a reasonable doubt.

2. No denial of procedural due process resulted from the fact that the dispositional phase of the proceedings was held immediately after the adjudicative phase. Respondent was given notice of the dispositional phase and had an opportunity to present his objections and suggestions. No objection was made. Furthermore, given respondent's age and family circumstances, some form of protective placement seemed inevitable. Respondent was not denied due process, and the trial court did not abuse its discretion in holding the dispositional phase right after the adjudicative phase.

3. The trial court did not abuse its discretion in denying respondent's motion for a new trial and his request for a jury. The evidence respondent sought to introduce at a second trial could have been discovered and produced at the first trial, and the record indicates that respondent voluntarily waived his right to a jury.

Affirmed.

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 49, 54, 55.

See the Index to Annotations under Due Process; Juvenile Courts and Delinquent Children.

1. Criminal Law — Juvenile Delinquency Proceedings — Standard of Proof.

    Guilt must be proven beyond a reasonable doubt in juvenile delinquency proceedings (MCR 5.942[C]).

2. Witnesses — Credibility.

    The credibility of a witness is to be determined by the trier of fact.

3. Criminal Law — Juvenile Delinquency Proceedings.

    The time interval between the adjudicative and dispositional phases of a juvenile delinquency proceeding is within the court's discretion; there need be no hiatus between the two phases where no one objects to moving immediately from one to the other (MCR 5.943[B]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James R. Samuels,* Prosecuting Attorney, and *John B. Sullivan,* Assistant Prosecuting Attorney, for the people.

*Susan H. Grant,* for respondent.

Before: Marilyn Kelly, P.J., and Sawyer and Weaver, JJ.

Marilyn Kelly, P.J. Respondent appeals as of right from the probate court's commitment order entered in delinquency proceedings following a bench trial. Respondent was found guilty of malicious destruction of property over $100. MCL 750.380; MSA 28.612. He was made a ward of the state under the Youth Rehabilitation Services Act. MCL 803.301 *et seq.*; MSA 25.399(51) *et seq.* We affirm the decision.

Respondent first claims there was insufficient evidence to find him guilty of malicious destruction of property. He argues that the court's findings of fact were clearly erroneous. We disagree.

There was sufficient evidence from which a rational trier of fact could have found respondent

guilty beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-269; 380 NW2d 11 (1985). Respondent's challenge is made, in effect, to the credibility of the two main prosecution witnesses. Credibility issues are for the trier of fact. *People v Sharbnow,* 174 Mich App 94, 105; 435 NW2d 772 (1989), lv den 433 Mich 895 (1989). We give due regard to the special opportunity and ability of the trial judge to determine the credibility of witnesses. MCR 2.613(C). The judge's findings of fact were amply supported by the evidence presented at trial and are not clearly erroneous.

Next, respondent claims that, by moving the proceedings immediately from the adjudication to the dispositional phase, the court denied him procedural due process.

The court rule governing delinquency proceedings provides that the time interval between the trial and disposition is within the court's discretion. MCR 5.943(B).

We hold that an hiatus need not exist between the two phases where, as here, no one objects to moving immediately from one to the other. The record in this case shows, in addition, that respondent was given notice of the dispositional phase and had an opportunity to present his objections and suggestions. *Trussell v Decker,* 147 Mich App 312, 324; 382 NW2d 778 (1985). Moreover, it is apparent that the judge was well acquainted with respondent's case history.

Respondent argues he might have been able to "clean up his act" had disposition been delayed. It is not obvious to us how that could have been accomplished. Respondent's mother was unwilling to allow him return to her home. Respondent, at fifteen years of age, had a history of delinquency. Given his age and family circumstances, some form of protective placement seemed inevitable.

Respondent was not denied due process. The judge did not abuse his discretion.

Respondent claims the judge also abused his discretion when he denied respondent's motion for new trial and his request for a jury.

The evidence which respondent sought to introduce at a second trial could have been discovered and produced at the first. *Stallworth v Hazel,* 167 Mich App 345, 353; 421 NW2d 685 (1988). Furthermore, the record indicates that respondent voluntarily waived his right to a jury. The judge did not abuse his discretion. MCR 5.992(D).

Affirmed.