*In re* ALTON

Docket No. 155251. Submitted December 9, 1993, at Grand Rapids. Decided February 7, 1994, at 9:15 A.M.

Kevin J. Alton, a minor, was placed under the jurisdiction of the juvenile division of the Montcalm County Probate Court, Edward L. Skinner, J., after a jury found that he had engaged in sexual conduct that would have been criminal had it been committed by an adult. Following a denial of his motion for a new trial, Alton appealed.

The Court of Appeals *held:*

1. The probate court did not abuse its discretion in allowing a witness who was not named before trial as a prospective witness for the prosecution to testify in rebuttal to testimony by Alton and his witness concerning the date of the sexual conduct at issue. MCR 5.923(A) allows a probate court to call a witness or order the production of additional evidence anytime it believes that the evidence has not been fully developed.

2. Error, if any, committed by the probate court in excluding the testimony of a witness offered by Alton was harmless. The proffered testimony would not have established that Alton did not commit the alleged sexual act.

3. Remand is required for reconsideration of the motion for a new trial pursuant to MCR 5.992(A) and 2.613(A) inasmuch as the probate court incorrectly considered the motion under MCR 2.611(A)(1). The probate court must consider whether, in light of new evidence proposed by Alton indicating that the alleged victim lied about the sexual attack and was not at the place where the alleged attack occurred, it appears that a failure to grant a new trial would be inconsistent with substantial justice.

Remanded.

1. COURTS — PROBATE COURT — JUVENILE DELINQUENCY PROCEEDINGS — EVIDENCE.

A probate court in juvenile delinquency proceedings may call

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 49, 60; New Trial §§ 86, 414.

Recantation by prosecuting witness in sex crime as ground for new trial. 51 ALR3d 907.

witnesses or order the production of additional evidence where necessary for the full development of the evidence (MCR 6.923[A]).

2. NEW TRIAL — JUVENILE DELINQUENCY PROCEEDINGS.

A minor who is the subject of a juvenile delinquency proceeding in probate court has a right to seek a new trial on the basis of any matter not previously presented to the court that, if true, would cause the court to reconsider the case; a new trial must be granted where denial of a motion for a new trial appears to the court to be inconsistent with substantial justice (MCR 5.992[A], 2.613[A]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Larry W. Hachman,* Prosecuting Attorney, and *Andrea S. Evanski,* Assistant Prosecuting Attorney, for the petitioner.

*John W. Raven,* for the respondent.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

CONNOR, J. A jury found that the juvenile in question had violated the law by engaging in sexual penetration of a person between the ages of thirteen and sixteen years. See MCL 750.520d(1) (a); MSA 28.788(4)(1)(a). The juvenile division of the probate court took jurisdiction over the juvenile pursuant to MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1). The juvenile appeals as of right. MCR 5.993(A)(1)(a). We remand.

A female witness testified that when she was fifteen years old, the juvenile engaged in an act of sexual intercourse with her against her will. She testified that this happened on the last day of the previous school year, after the last meeting of her gym class. The juvenile denied engaging in any act of sexual penetration of the girl.

* Circuit judge, sitting on the Court of Appeals by assignment.

We first note that this is not a criminal case, but a juvenile delinquency proceeding. See MCL 712A.1; MSA 27.3178 (598.1). Nevertheless, the substantive criminal law applies because the critical issue is whether the juvenile violated the law. MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1). However, procedure is governed by the court rules applicable to proceedings in the juvenile division of the probate court. MCR 5.901. The court rules are to be liberally construed to secure fairness, flexibility, and simplicity so that each minor coming within the jurisdiction of the court receives the care, guidance, and control that is conducive to the minor's welfare and the best interests of the public. MCR 5.902.

The juvenile argues that the trial court erred in allowing petitioner's rebuttal witness to testify. We disagree. While a juvenile has a right to discover the names of prospective witnesses, MCR 5.922(A)(1)(c), at anytime the trial court believes the evidence has not been fully developed, it may call a witness to testify or order production of additional evidence. MCR 5.923(A). It is clear that the juvenile division of the probate court has considerable discretion over the presentation of evidence at trial and, providing the court acts fairly, this would include permitting a previously undisclosed witness to testify.

We do not think it was unfair for the trial court to allow the rebuttal witness to testify in this case. The juvenile's testimony conflicted with the female witness' testimony. He denied her allegations concerning the criminal sexual conduct, and denied that they were in the same gym class on the last day of school. The alibi witnesses essentially claimed that defendant could not have committed the crime because he was with someone else on the last day of school. The rebuttal witness, a gym

teacher, explained that both the juvenile and the victim had been in the same gym class and that the final class meeting had been on the Friday before the last day of school. Under the circumstances, the trial court did not abuse its discretion in admitting rebuttal testimony that directly addressed many of the conflicts.

The juvenile contends that the trial court erred in refusing to permit him to add a name to his witness list. The person barred from testifying by the trial court's ruling would have said that after classes on the last day of school he had walked the alleged victim to her bus. However, the great weight of the evidence clearly demonstrated that the girl must have been mistaken about the attack having occurred on the last day of school. If the attack happened as she had claimed, it must have occurred on the Friday before the last day of school, the last day the gym class met. Consequently, the excluded witness' testimony, even if true, does not establish that the juvenile did not sexually penetrate the girl. Because we cannot say that denying the juvenile a new trial on this basis is inconsistent with substantial justice, we believe that any error that occurred in this regard was harmless. MCR 2.613(A), 5.902(A).

The juvenile claims that the trial court erred in refusing to grant him a new trial. The purpose of the trial in a delinquency proceeding is to determine whether the juvenile comes within the jurisdiction of the juvenile court. See MCR 5.903(A)(19). In this case, the juvenile was alleged to come under the court's jurisdiction because he had violated the law, MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1), and a jury found that he had, in fact, done so. In support of his motion for a new trial, the juvenile presented evidence that after his trial the purported victim had admitted that she

had lied about being sexually penetrated. He also presented newly discovered evidence that she rode the bus home on the Friday before the last day of school, the time he was supposed to have been attacking her. Petitioner presented other evidence that called into question the believability of the juvenile's new evidence.

A juvenile has a right to seek a new trial on the basis of any matter not previously presented to the court that, if true, would cause the court to reconsider the case. MCR 5.992(A). The court rules do not explain exactly what should cause a court to reconsider a case, except to say that nothing is grounds for granting a new trial unless refusal to do so appears to be inconsistent with substantial justice. MCR 2.613(A), 5.902(A).

It would be inconsistent with substantial justice for a juvenile court to exercise jurisdiction over a child who does not actually come within its jurisdiction. The juvenile claimed to have new evidence showing that he had not violated the law. If this new evidence were true, then the court was exercising jurisdiction over a child who did not actually fall within its jurisdiction. Consequently, the juvenile's claim, if true, should cause a court to reconsider a case. MCR 5.992(A).

Of course, saying that the juvenile cited adequate grounds for the court to consider his motion for a new trial does not mean that the motion should have been granted. In ruling on the motion, the parties and the trial court applied the rules for granting a new trial embodied in MCR 2.611(A)(1). That court rule is not applicable in juvenile delinquency proceedings. See MCR 5.901(B).[1] Therefore, we remand this case for the trial court to reconsider the juvenile's motion under the proper stan-

[1] We acknowledge that in *In re Hardin,* 184 Mich App 107; 457 NW2d 347 (1990), this Court made the same mistake.

dard of review: whether, in light of the new evidence presented, it appears to the trial court that a failure to grant the juvenile a new trial would be inconsistent with substantial justice. MCR 2.613(A). In this case, that means the trial court must decide whether it appears that if the court refuses to grant the motion, it will be exercising jurisdiction over a juvenile who is not properly within its jurisdiction. The trial court must state the reasons for its decision on the record or in writing. MCR 5.992(E).

Remanded. We retain jurisdiction only if the motion is denied.