*In re* WHITTAKER

Docket No. 208027. Submitted September 14, 1999, at Lansing. Decided December 7, 1999, at 9:10 A.M.

William L. Whittaker, II, a minor, was adjudged in the Ingham County Probate Court, Juvenile Division, Donald S. Owens, J., to have committed one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Whittaker (the respondent) appealed, alleging that he was denied his constitutional right to a jury trial when his counsel, on the record and in the presence of the respondent and his parents, stated that counsel and the respondent's mother had decided to withdraw a demand for a jury trial.

The Court of Appeals *held*:

1. There is no constitutional right to a jury trial in juvenile proceedings. Jury procedure in the juvenile court is governed by MCR 2.510-2.516, except as provided in MCR 5.911(C). The court rules provide that a juvenile is entitled to a jury trial only if a written demand is filed, but they do not specify any required procedure for a juvenile's withdrawal of a jury demand. Under the juvenile system, the juvenile speaks through a representative adult instead of speaking personally. The trial court, the prosecutor, and the defense counsel all worked together for the respondent's welfare and for the best interests of the public. No more is required for fundamental fairness, the due process standard in juvenile proceedings.

2. The eighteen-month prearrest delay did not deny the respondent his right to due process and a fair trial.

3. There is no merit to the respondent's claim that his trial counsel was ineffective.

4. The respondent and his parents were not denied equal protection by the statutory requirement that the respondent, who lives in his parents' home, register as a sex offender. The information regarding juvenile offenses is not available to the public.

Affirmed.

FITZGERALD, J., dissenting, stated that once a juvenile has made a demand for a jury trial the following procedural safeguards must be afforded to ensure that the juvenile's withdrawal of the demand

is made knowingly and voluntarily: the juvenile must personally withdraw the demand; the withdrawal may not be made by the juvenile's attorney, regardless of whether the juvenile is present; the juvenile may withdraw the demand in writing and must file the writing with the court; the writing must state that the juvenile has made this decision knowingly and voluntarily after receiving the advice of counsel; the juvenile may withdraw the demand in open court, at which time the court must address the juvenile personally, on the record, in order to ensure the withdrawal is knowing and voluntary.

1. CONSTITUTIONAL LAW — JUVENILE DELINQUENCY PROCEEDINGS.

Fundamental fairness is the due process standard in juvenile proceedings; the full panoply of constitutional rights does not apply to juvenile proceedings.

2. CONSTITUTIONAL LAW — JUVENILE DELINQUENCY PROCEEDINGS — JURY.

There is no constitutional right to a jury trial in juvenile proceedings; a juvenile is entitled to a jury trial only if a written demand is filed with the court; jury procedure in the juvenile court is governed by MCR 2.510-2.516, except as provided by MCR 5.911(C); the court rules do not specify any required procedure for a juvenile's withdrawal of a jury demand (MCR 5.911).

3. JURY — WAIVER — CRIMINAL LAW — JUVENILE DELINQUENCY PROCEEDINGS.

The provisions of MCL 763.3; MSA 28.856 regarding the waiver of a jury trial apply in criminal cases only and not to juvenile delinquency proceedings.

*William H. Archer,* for the respondent.

Before: TALBOT, P.J., and FITZGERALD and MARKEY, JJ.

TALBOT, P.J. The prosecutor filed a delinquency petition in the juvenile division of the probate court charging respondent as a juvenile with two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and one count of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), involving a four-year-old child. Following adjudication, the probate court found that the prosecution had proved the material allegations of one count of first-degree criminal sexual conduct and one count of sec-

ond-degree criminal sexual conduct. The trial court placed respondent on probation, released him into the physical custody of his parents, and ordered him to perform forty hours of community service. Respondent appeals as of right. We affirm.

Respondent contends that he was denied his constitutional right to trial by jury because he did not make a knowing and intelligent waiver either in writing or in open court, as required by MCL 763.3; MSA 28.856. Instead, respondent's counsel, on the record, withdrew the request for a jury trial. Respondent argues that he had a due process right to a jury trial in the adjudicative stage of this proceeding and that a valid waiver of that right cannot be inferred from his counsel's representations to the trial court. We do not agree.

It is well settled that "the full panoply of constitutional rights" does not apply to juvenile proceedings. *People v Hana*, 443 Mich 202, 225; 504 NW2d 166 (1993). The applicable due process standard in juvenile proceedings is "fundamental fairness." *McKeiver v Pennsylvania*, 403 US 528, 543; 91 S Ct 1976; 29 L Ed 2d 647 (1971). While juveniles are entitled to appropriate notice, to counsel, to confrontation and cross-examination, to a privilege against self-incrimination, and to a standard of proof beyond a reasonable doubt, there is no constitutional right to a jury trial. *Id.* at 533. Because there is no constitutional right to a jury trial in juvenile proceedings, the jury waiver process does not implicate constitutional concerns. Although the juvenile's right to a jury trial is not protected by the constitution, juvenile justice procedures are governed by the applicable statutes and

court rules, with an emphasis on rehabilitation rather than retribution.[1] *Hana, supra* at 210, 213, 220.

A juvenile is entitled to a jury trial only if a written demand is filed with the court. MCR 5.911. A juvenile proceeding is not a criminal proceeding. See MCL 712A.1; MSA 27.3178(598.1); MCR 5.101; MCR 5.001; *In re Alton,* 203 Mich App 405, 407; 513 NW2d 162 (1994). The jury waiver statute relied on by respondent, MCL 763.3; MSA 28.856, applies in criminal cases only and is not applicable to the delinquency proceeding here. Jury procedure in juvenile court is governed by MCR 2.510-2.516, except as provided in MCR 5.911(C). The court rules do not specify any required procedure for a juvenile's withdrawal of a jury demand, and we decline to create any by judicial fiat. As the trial judge explained from the bench to defense counsel, under the juvenile system the juvenile speaks through a "representative adult" instead of speaking for himself.[2] Here, respondent's attorney stated, in open court and in the presence of respondent and both his parents, that counsel had spoken to respondent's mother and that "they had decided that they would waive the jury and have this matter held as a bench trial." The prosecutor had no objection, and the trial court did not insist on a jury. Respondent was ultimately adjudicated and released to his

---

[1] The difference between the adult and the juvenile systems is nowhere more apparent than in the disposition of the instant case. If respondent had been tried in the adult criminal justice system, it is highly unlikely that he would have received probation for his conviction of first- and second-degree criminal sexual conduct involving a four-year-old child.

[2] The alternative proffered by the dissent raises the disturbing specter of a young child demanding a jury trial over the objection of his parents and attorney. We believe this is contrary to the philosophy of the Juvenile Code and are unwilling to engage in such judicial activism.

parents, in keeping with the philosophy in the Juvenile Code.[3] MCR 5.902(B)(1). The trial court and both counsel worked together here for respondent's "welfare and the best interests of the public." *Id.* No more is required for fundamental fairness.

There is no merit to respondent's claim that he was denied his rights to due process and a fair trial because of the eighteen-month prearrest delay. Even assuming that a juvenile has the same rights in this regard as an adult criminal defendant, a defendant must first demonstrate prejudice in order to establish a due process violation. *People v Bisard,* 114 Mich App 784, 791; 319 NW2d 670 (1982). The delay here, which the court did not consider unusual in light of the victim's youth, worked to respondent's advantage in some respects and did not prejudice him in any specifically articulable way.

There is no merit to respondent's claim that the trial court abused its discretion in denying him a *Ginther*[4] hearing on his postdisposition claim that trial counsel was ineffective. We find no case law, and respondent cites none, to suggest that the *Ginther* standard for representation in criminal trials is relevant to a juvenile proceeding. In any case, the trial court found that, even assuming that each of respondent's allegations was true, they were not enough to establish ineffective assistance of counsel. We agree.

Finally, respondent contends that he and his parents were denied their equal protection rights by the requirement that respondent, who lives in his parents'

---

[3] In contrast to the dissent, we believe the underpinning of the Juvenile Code is confidence in the judgment of our trial judges and lawyers.

[4] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

home, register as a sex offender under MCL 28.728; MSA 4.475(8), because it punishes the parents by making their address public. There is no merit to this issue. The computerized data base provided for in MCL 28.728; MSA 4.475(8) specifically does "not include any individual registered solely because he or she had 1 or more dispositions" where he was tried as a juvenile. Thus, although respondent is required to register as a sex offender, the information regarding these juvenile offenses is not available to the public.

Affirmed.

MARKEY, J., concurred.

FITZGERALD, J. (*dissenting*). I respectfully dissent from the majority's conclusion that the trial court properly accepted defense counsel's withdrawal of the juvenile's demand for a jury trial in the absence of the juvenile's personal withdrawal, in writing or on the record in open court.

I agree with the majority that there is no federal or state constitutional right to a jury trial in the adjudicative phase of a juvenile delinquency proceeding. *McKeiver v Pennsylvania*, 403 US 528, 545; 91 S Ct 1976; 29 L Ed 2d 647 (1971); *People v Hana*, 443 Mich 202, 225; 504 NW2d 166 (1993). I also agree that the jury waiver statute relied on by respondent, MCL 763.3; MSA 28.856, applies in criminal cases only and is inapplicable to this delinquency proceeding.

However, there is no dispute that the Michigan Court Rules provide a juvenile the right to a jury trial in the adjudicatory phase of a delinquency proceeding. MCR 5.911(A) provides:

The right to a jury in juvenile court exists only at the trial.

MCR 5.911(B) provides:

> A party who is entitled to a trial by jury may demand a jury by filing a written demand with the court within:
>
> (1) 14 days after the court gives notice of the right to jury trial, or
>
> (2) 14 days after the filing of appearance of counsel, whichever is later, but no later than 7 days before trial. The court may excuse a late filing in the interest of justice.

These sections provide the juvenile with a right to a jury trial in the adjudicatory phase of a delinquency proceeding if that right is demanded within the appropriate time frame. However, the problem presented is that no procedure has been established for withdrawal of the jury trial demand once the right has been invoked.

I believe that fundamental fairness[1] requires the court to afford additional procedural safeguards to the juvenile once the juvenile has exercised the right to demand a jury trial. This is particularly true in a situation such as this, where it is unreasonable to expect a juvenile to contradict the defense counsel's withdrawal of this right. Thus, I would hold that once a juvenile has made a demand for a jury trial, the following procedural safeguards must be afforded to the juvenile to ensure that the juvenile's withdrawal of a jury demand is made knowingly and voluntarily. The juvenile must personally withdraw the demand for a jury trial. This withdrawal may not be made by the juvenile's attorney, regardless of whether the juvenile is or is not present. The juvenile may withdraw the jury trial demand in writing and must file this writing

---

[1] The applicable due process standard in juvenile proceedings is fundamental fairness. *McKeiver, supra* at 543.

with the court. The writing must state that the juvenile has made this decision knowingly and voluntarily after receiving the advice of counsel. The juvenile may also withdraw the demand for a jury trial in open court, at which time the court must address the juvenile personally, on the record, in order to ensure that the juvenile's withdrawal of the jury demand is knowing and voluntary.

I would reverse.