NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0894n.06
Filed: December 14, 2006

Case No. 06-1367

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANTOINE MORRIS, a minor, by his Father and Next Friend, ENIS MORRIS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| THE CITY OF DETROIT, *et al.*, | ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE:  BATCHELDER and GRIFFIN, Circuit Judges, and PHILLIPS,[*] District Judge.

ALICE M. BATCHELDER, Circuit Judge.  Antoine Morris, through his father and next friend, Enis Morris, filed a 42 U.S.C. § 1983 action against the City of Detroit, the city police department, the chief of police, and certain police officers, alleging that they violated his constitutional rights during their investigation of his mother's murder.  The defendants moved for summary judgment, which the district court granted.  Morris now appeals.

Morris's mother, Janice Williams, was murdered in her home.  The 12-year-old Morris was one of several suspects, and on February 25, 2002, the police called him to the station for questioning.  When Morris confessed, he was arrested and charged with first degree murder.  He remained incarcerated until June 12, 2003, when he entered a plea agreement:  Morris pled no

---

[*] The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

contest to accessory after the fact, and the State dismissed the charge of first degree murder. Morris's plea was adjudicated in juvenile court and he was sentenced to probation.

Morris alleged that his confession was the result of improper police coercion, which led to sixteen months of wrongful imprisonment. He also alleged that he was coerced into the no-contest plea, and only agreed when he was promised that he would be allowed to go home. The validity of these claims, however, is irrelevant to this appeal.

The defendants moved for summary judgment on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (a § 1983 action will not lie "unless the conviction or sentence has already been invalidated"). Morris admits that the accessory conviction has not been reversed, set aside, or expunged. A finding that his confession was impermissibly coerced, as would be necessary to establish damages in a § 1983 action, would correspondingly demonstrate the invalidity of the accessory-after-the-fact adjudication and associated sentence of probation, in contravention of *Heck*. *See id*. at 481-82, 487. This court has held that a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework. *See Dusenbery v. Graves*, No. 97-4387, 1999 WL 617932, *1 (6th Cir. Aug. 12, 1999).

Further, while a juvenile adjudication is not a criminal proceeding under Michigan statute, *see* M.C.L.A. § 712.A.1(2), it is certainly the functional equivalent. *See In re Whittaker*, 607 N.W.2d 387, 389 (Mich. App. 1999). Under the Michigan statutes, the court conducts a hearing (i.e., delinquency proceeding), in which the juvenile is entitled to certain rights such as counsel and a jury. *See* M.C.L.A. § 712.A.17(1)&(2), .17c(1), .17d; *In re Carey*, 615 N.W.2d 742, 745 (Mich. App. 2000) ("Although juvenile proceedings are not considered adversarial in nature, they are closely

2

analogous to the adversary criminal process."). In lieu of a criminal "conviction," the court renders an order of disposition, *see* M.C.L.A. § 712.A.18(1), from which the court has authority to impose sentence, including incarceration, *see* M.C.L.A. § 712.A.18(1)(a)-(1), .18g, .18h. Here, Morris was sentenced to a period of probation. Therefore, we hold that *Heck v. Humphrey* is applicable to the present case. *See also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (holding *Heck* applicable to claims that implicate the validity of civil commitment proceedings).

After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to these undisputed facts, and that the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.