*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re TLJ, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

TLJ,

Respondent-Appellant.

UNPUBLISHED
May 20, 2025
1:54 PM

No. 367864
Macomb Circuit Court
Family Division
LC No. 2022-001065-DL

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In this delinquency proceeding, respondent appeals by right his adjudication of second-degree criminal sexual conduct (CSC-II) (victim under 13 years of age), MCL 750.520c. The trial court ordered that respondent be placed in the care of the Michigan Department of Health and Human Services (DHHS) for residential placement. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2021, six-year-old JW, his father, and his father's girlfriend visited respondent (aged seventeen at the time) and his mother. JW and respondent went to respondent's room while the adults talked. Two days later, JW told his father that respondent had placed his finger in JW's anus and his penis in JW's mouth, as well as pulled down his pants and struck his buttocks while they were outside. JW's father contacted the police and took JW to an emergency room. JW was examined by an emergency physician, Dr. Monique Reeves, who observed a small anal tear. Dr. Reeves referred JW for a forensic examination the same day. The sexual assault nurse examiner (SANE), Kirsten Newmann-Sweeney, did not observe any signs of trauma or irritation during her examination. The police scheduled a forensic interview with JW. JW disclosed the assault to the forensic interviewer. Swabs taken from JW's body did not reveal any DNA other than JW's.

-1-

During the adjudication, JW testified that respondent had penetrated his anus with his finger and placed his penis in JW's mouth while the two were in respondent's bedroom, and that respondent had later pulled his pants down and struck his buttocks while the two were outside. JW admitted on cross-examination that he had told his father that respondent had penetrated JW's anus with his penis, although JW later stated that he did not remember telling anyone that respondent had done so. JW's father testified that JW initially told him that respondent had penetrated his anus with his penis, but later told him that respondent had done so with his finger. The SANE testified that JW had told her that that his assailant had "put his wee-wee" in JW's anus.

The trial court adjudicated respondent as described and subsequently entered a dispositional order committing respondent to residential placement as described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Respondent argues that there was insufficient evidence to support his CSC-II conviction. Respondent also contends that the trial court failed to sufficiently articulate its factual findings and legal conclusions. We disagree in both respects.

"It is well settled that 'the full panoply of constitutional rights' does not apply to juvenile proceedings." *In re Whittaker*, 239 Mich App 26, 28; 607 NW2d 387 (1999), quoting *People v Hana*, 443 Mich 202, 225; 504 NW2d 166 (1993). However, in juvenile delinquency proceedings, the standard of proof remains beyond a reasonable doubt. *In re Whittaker*, 239 Mich App at 28. "[A] defendant's challenge to the sufficiency of the evidence is reviewed de novo, viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *In re Napieraj*, 304 Mich App 742, 745; 848 NW2d 499 (2014). The same standard of review for sufficiency of the evidence applies in bench trials. *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008). "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). "This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

"A challenge to the sufficiency of evidence underpinning a conviction implicates due process. Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 6 (quotation marks and citation omitted). Evidence is sufficient for a guilty verdict where " 'a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010), quoting *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). "The prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Hardiman*, 466 Mich at 428.

"The elements of CSC-II are: (1) the defendant engaged in sexual contact, (2) with a person under 13 years of age." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014). Sexual contact is defined in MCL 750.520a, as:

"Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(*i*) Revenge.

(*ii*) To inflict humiliation.

(*iii*) Out of anger.  [MCL 750.520a(q).]

Intimate parts "includes the primary genital area, groin, inner thigh, buttock, or breast of a human being."  MCL 750.520a(f).

Respondent argues that, because the trial court acquitted him of the CSC-I and indecent exposure charges, the trial court must have determined that JW was an unreliable witness and discredited his testimony.  Accordingly, respondent argues, JW's testimony supporting the trial court's adjudication of CSC-II should have also been discredited, and because JW's testimony was the only evidence of a sexual touching, there was insufficient evidence to support respondent's CSC-II conviction.  We disagree that the trial court found that JW's testimony was entirely incredible, or that his testimony was the only evidence of a sexual touching.

While the trial court found that the prosecution had not presented sufficient evidence of sexual penetration or indecent exposure, the record does not indicate that the trial court must have determined that JW's testimony was entirely incredible.  There was evidence from which a factfinder could have formed a reasonable doubt as to whether sexual penetration occurred without discounting JW's testimony concerning sexual touching.  No DNA, other than JW's, was found in JW's rectum or anus.  Further, while Dr. Reeves noted an anal tear, Newmann-Sweeney did not.  However, the two agreed the rectal-anal region was difficult to observe.  Both medical professionals also agreed that the skin in the rectal-anal region quickly heals, and that a small tear could have healed between the examinations.  The trial court could have formed a reasonable doubt about whether JW's anus was penetrated without discounting JW's testimony that respondent placed his finger between his buttocks to some extent, or otherwise sexually touched JW.  Moreover, there was evidence beyond JW's testimony that supported a finding that JW and respondent had gone outside and that respondent had struck JW's buttocks.

Similarly, respondent argues that because the trial court did not find that respondent had committed indecent exposure, it must have discredited JW's testimony that JW had seen respondent's penis, and therefore should have discredited JW's entire testimony.  However, the elements of indecent exposure and CSC-II are unrelated.  A person is guilty of indecent exposure if the person " 'knowingly make[s] any open or indecent exposure of his or her person or of the person of another.' " *People v Franklin*, 298 Mich App 539, 546; 828 NW2d 61 (2012) (alteration in original), quoting MCL 750.335a.  Proof of indecent exposure generally requires proof that a

person intentionally exposed part of their body (such as the genitals) in a place where such exposure is likely to be an offense against generally accepted standard of decency. *People v Neal*, 266 Mich App 654, 662; 702 NW2d 696 (2005). Additionally, the exposure must be "knowing." *Id*. For CSC-II, only a sexual touching of a person under the age of 13 is required. *Duenaz*, 306 Mich App at 106; MCL 750.520a(q). The trial court could have determined that respondent did not satisfy the elements of indecent exposure without necessarily discrediting all of JW's testimony.

There is no dispute that JW's testimony was inconsistent in some respects; however, it was also consistent in many respects. JW never changed his testimony as to who was present at the home at the time of the assault, what time the assault occurred, or other details such as respondent's dog being present or his position on the bed. During his forensic interview, which took place a few weeks after the assault, JW's statements about his assault were substantially similar to the statements he gave at adjudication two years later.

In sum, JW's testimony was not so inconsistent or unbelievable that we are compelled to intrude into the province of the trier of fact to weigh the evidence and evaluate witness credibility. See *People v Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998), *Stevens*, 306 Mich App at 628. When viewing this evidence in a light most favorable to petitioner, there was sufficient evidence for the trial court to determine beyond a reasonable doubt that respondent had sexually touched JW, and accordingly that he committed CSC-II. *In re Napieraj*, 304 Mich App at 745.

## III. FACTUAL DEVELOPMENT

While respondent maintains there was insufficient evidence to convict him of CSC-II, respondent also suggests in the alternative that we remand this case to the trial court to better develop the factual record if we deem it appropriate before making our determination. We conclude that such a remand is unnecessary.

"In a bench trial, '[f]actual findings are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law.' " *People v Parkinson*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362683); slip op at 4, quoting *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). "The court need not make specific findings of fact regarding each element of the crime." *Id*. "In a delinquency proceeding, the verdict must be guilty or not guilty of either the offense charged or a lesser included offense." MCR 3.942(D).

In this case, the trial court delivered a verdict that complied with MCR 3.942(D) and stated its conclusions of law regarding each offense. Although it did not specifically articulate its factual findings, we see no evidence from the record that the trial court was not aware of the issues in the case or incorrectly applied the law. *Parkinson*, ___ Mich App at ___; slip op at 4. In any event, because respondent's challenge to his adjudication is based on a challenge to JW's credibility, further articulation of the trial court's reasoning behind its credibility determination would not alter our conclusion that we must defer to the factfinder in matters of witness credibility. See

*Hardiman*, 466 Mich at 428 ("It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences."). Accordingly, remand would not aid appellate review. *Legg*, 197 Mich App at 134-135.

      Affirmed.


                            /s/ Sima G. Patel
                            /s/ Mark T. Boonstra
                            /s/ Thomas C. Cameron