*In re* McDANIEL

Docket No. 123456. Submitted November 19, 1990, at Lansing. De-
cided January 8, 1991, at 9:25 A.M. Leave to appeal sought.

Anthony McDaniel was adjudicated by a juvenile court referee
guilty as an accessory of two counts of felonious assault and
one count of possession of a firearm during the commission of a
felony, despite the fact that the principal in the offense, in a
jury trial, had been convicted of two counts of the lesser
included offense of assault and battery and had been acquitted
of felony-firearm. McDaniel appealed in the Kalamazoo County
Probate Court, claiming that he could not be convicted of an
offense greater than that committed by the principal. The
probate court reduced the adjudication to guilty of two counts
of assault and battery, holding that the Code of Criminal
Procedure was inapplicable to juvenile adjudications and that
under the common law an accessory could not be convicted of a
crime greater than the principal. The Kalamazoo Circuit Court,
William G. Schma, J., affirmed. The prosecution appealed by
leave granted.

The Court of Appeals *held:*

Rules of practice set forth in the Code of Criminal Procedure
are applicable to juvenile proceedings to the extent that those
rules are not in conflict with the court rules or the Probate
Code.

The provision of the Code of Criminal Procedure which
permits prosecution of an accessory as if the accessory had
committed the crime allows conviction upon proof that the
underlying crime was committed by someone and that the
defendant aided and abetted in the commission of the crime
does not conflict with the court rules or Probate Code and
allows conviction irrespective of the adjudication of the princi-
pal. The referee's finding was proper, requiring reversal of the
orders of the circuit court and the probate court, reinstatement
of the ruling of the referee, and remand to the probate court
for further proceedings.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Edward M. Hendire,* Assistant Prosecuting Attorney, for the petitioner.

*Stephen M. Wheeler,* for the respondent.

Before: MacKenzie, P.J., and McDonald and Murphy, JJ.

Murphy, J. On May 31, 1988, a juvenile court referee adjudicated respondent guilty as an accessory of two counts of felonious assault, MCL 750.82; MSA 28.277, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). MCL 767.39; MSA 28.979. However, the principal in the offense previously had been convicted of two counts of assault and battery as lessor included offenses of the felonious assault charges and had been acquitted on two counts of felony-firearm, after a jury trial on April 28, 1988. Respondent appealed in the Kalamazoo County Probate Court, claiming that he could not be convicted of a greater offense than the principal. The probate court agreed and reduced the adjudication against respondent to guilty of two counts of assault and battery only. Petitioner appealed in the circuit court, which affirmed the probate court's ruling. Petitioner now appeals in this Court by leave granted. We reverse.

MCL 767.39; MSA 28.979 provides:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

Petitioner argues that the probate court and circuit court both erred by ruling that the Code of Criminal Procedure does not apply to juvenile adjudications and that, therefore, MCL 767.39; MSA 28.979 could not be applied to find respondent, as an accomplice, guilty of a greater offense than the principal involved in the incident. Respondent, however, argues that because MCL 712A.1(1); MSA 27.3178(598.1)(1) provides that proceedings in the juvenile division of probate court are not considered criminal proceedings, the Code of Criminal Procedure, MCL 760.1 *et seq.*; MSA 28.841 *et seq.*, cannot be applied in juvenile proceedings. Therefore, respondent concludes, MCL 767.39; MSA 28.979 is inapplicable to his case and, under common law, he could not be convicted of a greater crime than his principal. We agree with petitioner.

As respondent correctly notes, juvenile proceedings are not considered to be criminal prosecutions. However, this does not require a conclusion that the provisions of the Code of Criminal Procedure are not applicable to juvenile offenders. MCR 1.104, which is applicable to juvenile proceedings pursuant to MCR 5.901, provides that "[r]ules of practice set forth in any statute, if not in conflict with any of these rules, are effective until superseded by rules adopted by the Supreme Court." Logically, therefore, the rules set forth in the Code of Criminal Procedure are applicable unless they conflict with the rules of procedure for juvenile matters set forth in the court rules or in the Probate Code. Obviously, the many provisions of the Code of Criminal Procedure which are duplicative of or in conflict with the juvenile court rules and the Probate Code do not apply in juvenile proceedings. However, there is no provision in either the court rules or the Probate Code that

conflicts with or parallels MCL 767.39; MSA 28.979. Therefore, pursuant to MCR 1.104, the provision of the Code of Criminal Procedure which abolishes the distinction between a principal and an accessory is applicable in juvenile proceedings. The fact that the Code of Criminal Procedure has special provisions pertaining to procedure involving juveniles further supports a conclusion that the code's provisions are applicable to juveniles, rather than, as respondent suggests, showing an intent to exclude them.

Furthermore, the probate court rules indicate that "criminal" statutes apply to juvenile offenders. MCR 5.903(B)(4) defines an "offense by a juvenile" as an "act which violates a criminal statute, a criminal ordinance, an act which violates MCL 712A.2(a) or (d), MSA 27.3178(598.2)(a) or (d), or an act which violates a traffic law other than an offense designated as a civil infraction." MCR 5.903(B)(3) provides that a major juvenile offense is one "which would be a felony if committed by an adult." Clearly, the fact that a juvenile proceeding is not considered a criminal prosecution refers only to the nature of the proceeding itself. It does not suggest that a juvenile who violates a criminal statute has not committed a crime. Pursuant to MCL 767.39; MSA 28.979, any adult who participated in the commission of a felonious assault, whether he directly committed the act or procured, counseled, aided, or abetted in its commission, would be guilty of a felony and punished as if he had directly committed the assault. Therefore, pursuant to both court rules and the Probate Code, a juvenile who acts as an accessory to felonious assault has committed an act which would be a felony if committed by an adult and may be adjudicated guilty of the offense as if he had directly committed the offense. There is no requirement

that the principal be convicted, either as charged or at all, for respondent to be adjudicated guilty as charged. The prosecution needs only to prove that the underlying crime was committed by someone and that the respondent either committed or aided and abetted in the commission of that crime. See *In re Vaughn,* 160 Mich App 236, 238; 408 NW2d 85 (1987); *People v Paige,* 131 Mich App 34, 39-40; 345 NW2d 639 (1983).

We reverse the orders of the circuit court and probate court. We reinstate the probate court referee's finding that respondent was guilty of two counts of felonious assault and one count of felony-firearm. The case is remanded to the probate court for further proceedings consistent with this opinion. We do not retain jurisdiction.