PEOPLE v McCRAY

PEOPLE v SCOTT

Docket Nos. 135215, 136590. Submitted January 12, 1995, at Detroit. Decided April 21, 1995, at 9:15 A.M.

Kelvin M. McCray and Orlando Scott were convicted by a jury in the Recorder's Court for the City of Detroit, Leonard Townsend, J., of second-degree murder and possession of a firearm during the commission of a felony. The court sentenced McCray to twenty-five to fifty years' imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction. The court sentenced Scott to fifteen to thirty years' imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction. The defendants appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. The police may have been motivated by a desire to gain additional information to justify McCray's arrest and may have intentionally delayed arraigning him for three days in an attempt to elicit an incriminating statement. The case must be remanded for a determination whether the police had probable cause to arrest McCray and whether they unreasonably delayed his arraignment in order to extract incriminating evidence. If it is determined on remand that his inculpatory statement must be suppressed, then it was also error requiring reversal to admit Scott's redacted statement.

2. The trial court did not abuse its discretion in denying McCray's motion for a separate trial, and McCray's sentence was not improper.

3. Scott's conviction of second-degree murder is supported by the evidence, the jury was instructed properly with regard to the charges against Scott, and the trial court did not err in accepting a stipulation with respect to one witness' testimony.

REFERENCES

Am Jur 2d, Criminal Law § 408; Trial §§ 157-159, 161.

See ALR Index under Arraignment; Arrest; Joint and Separate Trial.

4. The trial court's instructions regarding aiding and abetting were proper.

Affirmed with regard to Scott. Affirmed in part and remanded in part with regard to McCray.

SAAD, J., dissenting from the decision to remand with regard to McCray, stated that the issues to be considered on remand were not preserved properly for appeal and manifest injustice would not result from the admission of McCray's noncoerced inculpatory statement.

1. CRIMINAL LAW — ARREST WITHOUT WARRANT — ARRAIGNMENT.

The arrest of a defendant without a warrant is unreasonable where the defendant is not arraigned within forty-eight hours of the arrest.

2. CRIMINAL LAW — JOINT TRIAL — SEVERANCE.

The decision to sever or join the trials of criminal defendants lies within the discretion of the trial court; severance is mandated only where a defendant demonstrates that substantial rights will be prejudiced and that severance is the necessary means of rectifying the potential prejudice; severance is mandated where the defendants' defenses are mutually exclusive or irreconcilable, not where they are merely inconsistent.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp* and *Kathleen T. Donahue,* Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Deborah Winfrey Keene*), for Kelvin M. McCray.

Kelvin M. McCray, in propria persona.

*Gerald M. Lorence,* for Orlando Scott.

Before: CONNOR, P.J., and WAHLS and SAAD, JJ.

CONNOR, P.J. A jury convicted defendants of

second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The sentencing guidelines for defendant McCray provided for a minimum sentence of ten to twenty-five years' imprisonment. The trial court sentenced McCray to prison for twenty-five to fifty years for the murder conviction and the mandatory two years for the felony-firearm conviction. The sentencing guidelines for defendant Scott provided for a minimum sentence of fifteen to thirty years' imprisonment or life. The trial court sentenced Scott to prison for fifteen to thirty years for the murder conviction and two years for the felony-firearm conviction. Defendants appeal as of right. The appeals were consolidated by the Court of Appeals. We remand with regard to McCray and affirm with regard to Scott.

### KELVIN MAURICE McCRAY

We find remand is necessary for an evidentiary hearing for purposes of determining, first, whether the police had probable cause to arrest McCray and, second, whether the police unreasonably delayed his arraignment following his arrest in order to extract incriminating evidence. Although not properly preserved below, we have reviewed this issue for manifest injustice because it is constitutional in nature. *People v Bettistea,* 173 Mich App 106, 129; 434 NW2d 138 (1988). McCray was arrested on May 7, 1990, at 12:15 A.M. His first statement, which was exculpatory, was given to the police at 6:05 P.M. on that day. His second statement, also exculpatory, was given at 9:00 A.M. on May 8, 1990. His third statement, which was the first inculpatory statement, was given at 10:28 A.M. on May 9, 1990. A warrant was issued for his

arrest, and he was arraigned on May 10, 1990. McCray was held continuously without a warrant from the time of his arrest until his arraignment three days later.

In *Riverside Co v McLaughlin,* 500 US 44, 56; 111 S Ct 1661; 114 L Ed 2d 49 (1991), the United States Supreme Court determined that an arrest without a warrant is unreasonable if it is not followed by arraignment within forty-eight hours. The inculpatory statement made by McCray was the only evidence that identified him as the shooter. The facts suggest that the police were motivated by a desire to gain additional information to justify the arrest and may have intentionally delayed arraigning McCray in hopes of eliciting an incriminating statement. Accordingly, we order that this matter be remanded to the trial court for a hearing to ascertain whether the police unreasonably delayed McCray's arraignment. Furthermore, if, on remand, the trial court determines that McCray's inculpatory statement must be suppressed, then it was also error requiring reversal to admit Scott's redacted statement. See *People v Banks,* 438 Mich 408, 419; 475 NW2d 769 (1991).

The remaining issues raised by McCray are not persuasive. The trial court did not abuse its discretion in denying McCray's pretrial motion for a separate trial. *People v Hana,* 447 Mich 325, 331; 524 NW2d 682 (1994). Severance is mandated only when a defendant demonstrates that his substantial rights will be prejudiced and that severance is the necessary means of rectifying the potential prejudice. *Id.* at 345. Severance is required where the defenses are mutually exclusive or irreconcilable, not simply where they are inconsistent. *Id.* at 349. The statements of defendants in the present case were not mutually exclusive. Accordingly, reversal is not warranted. *People v Cadle,* 204

Mich App 646, 649; 516 NW2d 520 (1994). Finally, we find no merit in McCray's claim that he was sentenced improperly. His prior record, or lack of record, was factored into the guidelines. Because McCray's sentence is within the guidelines, the sentence is presumptively proportionate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987).

### ORLANDO SCOTT

Defendant Scott makes a number of claims on appeal, none of which have merit. Viewing the evidence in a light most favorable to the prosecution, we find Scott's conviction of second-degree murder is supported by sufficient evidence. *People v Jones (On Rehearing),* 201 Mich App 449, 451; 506 NW2d 542 (1993). Testimony revealed that Scott was the only person at the crime scene with a gun and that Scott was seen firing the gun. *People v Flowers,* 191 Mich App 169, 177; 477 NW2d 473 (1991). Furthermore, even if we assume arguendo that it was McCray who fired the shots, there was sufficient evidence to support Scott's conviction. One who procures, counsels, aids, or abets the commission of an offense may be prosecuted, convicted, and punished as if he directly committed the offense. MCL 767.39; MSA 28.979; *In re McDaniel,* 186 Mich App 696, 697; 465 NW2d 51 (1991).

Scott also argues that the trial court's instructions regarding the felony-firearm charge were deficient because the court failed to instruct properly with regard to the elements of the underlying felony. Because we find there was sufficient evidence to convict Scott of second-degree murder, and find the aiding and abetting instructions were proper, we find his claim to be without merit.

Scott argues that the trial court abused its discretion in accepting a stipulation with respect to one witness' testimony. However, a party cannot request a certain action of the trial court and then argue on appeal that the action was error. *People v Murry,* 106 Mich App 257, 262; 307 NW2d 464 (1981). Not only is this issue unpreserved, but Scott was not prejudiced as a result of the trial court's accepting the stipulation. Under the circumstances, there was no error. *People v Pearson,* 404 Mich 698, 723; 273 NW2d 856 (1979).

Scott's claim that the prosecutor made an improper remark during closing remarks is unpreserved. *People v Biggs,* 202 Mich App 450, 455; 509 NW2d 803 (1993). At any rate, the remark was not improper and did not deny Scott a fair trial. *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989).

Both defendants claim that the trial court improperly instructed the jury regarding when they could be convicted as aiders and abettors. We find these claims to be unpersuasive. This Court has held numerous times that the intent of the aider and abettor is satisfied by proof that he knew the principal's intent when he gave the aid or assistance. See *Jones, supra* at 451, and *People v Buck,* 197 Mich App 404, 425; 496 NW2d 321 (1992). Moreover, defendants failed to object to the trial court's reinstructions with respect to aiding and abetting. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993).

Affirmed with regard to defendant Scott. Affirmed in part and remanded in part with regard to defendant McCray.

WAHLS, J., concurred.

SAAD, J. *(concurring in part and dissenting in*

*part)*. I concur in the majority opinion with regard to Scott but I dissent from the majority's decision to remand with regard to McCray for an evidentiary hearing concerning the propriety of the arrest and the delay in arraignment. Defendant McCray has not properly preserved these issues for appeal, and I am not convinced that manifest injustice resulted from the admission of McCray's noncoerced inculpatory statement. *People v Stimage,* 202 Mich App 28, 29; 507 NW2d 778 (1993).