# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ADAM JEFFREY KERR, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellant,

v

ADAM JEFFREY KERR,

        Respondent-Appellee.

FOR PUBLICATION
March 13, 2018
9:10 a.m.

No. 335000
Bay Circuit Court
Family Division
LC No. 15-011877-DL

---

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

METER, P.J.

In this juvenile-delinquency case against respondent, petitioner appeals by leave granted an order excluding other-acts evidence. We find that the trial court erred by concluding that MCL 768.27a does not apply to juvenile-delinquency trials. We vacate the trial court's order excluding the other-acts evidence and remand this matter to the trial court for a determination of the admissibility of the other-acts evidence under the proper legal framework.

Petitioner filed two juvenile-delinquency petitions against respondent. Each petition concerns a separate alleged victim. The first petition alleges that respondent committed third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (force or coercion used to accomplish sexual penetration), and fourth-degree CSC, MCL 750.520e(1)(b) (force or coercion used to accomplish sexual contact). This petition relates to an October 27, 2014, incident in which respondent allegedly touched his minor cousin's vagina through her pants and then, after removing her pants and underwear, penetrated her vagina with his fingers and performed cunnilingus. The second petition alleges that respondent committed CSC-III, MCL 750.520d (multiple variables), by penetrating a 14-year-old girl's vagina with his fingers, mouth, and penis during the period from October 30, 2015, to November 1, 2015.

Petitioner filed a notice of intent to introduce, in both cases, other-acts evidence under MCL 768.27a. MCL 768.27a(1) states, in relevant part, that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." The notice expressed petitioner's intent to use the

-1-

acts alleged in each petition in the trial on the other petition, i.e., the acts alleged in the first petition in the trial on the second petition, and the acts alleged in the second petition in the trial on the first petition.

Respondent objected, arguing, in part, that MCL 768.27a allows for the admission into evidence of prior acts in criminal cases, and juvenile-delinquency proceedings are not criminal cases. Respondent contended that petitioner did not indicate what purpose beyond mere propensity would be served by the introduction of the other-acts evidence, and stated that evidence may not be offered to demonstrate propensity under MRE 404(b). Petitioner acknowledged that it was seeking to admit the other-acts evidence to show propensity but argued that this was appropriate under MCL 768.27a because the statute supersedes MRE 404(b).

The trial court ruled in respondent's favor, stating that if the Legislature had intended to include juvenile proceedings within the purview of MCL 768.27a, it would have explicitly said as much in the statute. The court also cited MRE 403, concluding that the probative value of the evidence would be outweighed by the danger of unfair prejudice. Petitioner now appeals the trial court's ruling.[1]

We review for an abuse of discretion a trial court's decision to exclude evidence. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id*. We review de novo the interpretation of statutes and court rules. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011). We enforce unambiguous language of a statute or court rule as it is written. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

MCL 768.27a allows the factfinder to consider evidence of other acts committed by a defendant to show the defendant's character and propensity to commit the charged crime. *Watkins*, 491 Mich at 470, 486. Again, the statute provides, in pertinent part, that "[i]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1).[2]

In *Watkins*, the Michigan Supreme Court concluded that MCL 768.27a irreconcilably conflicts with MRE 404(b), which bars the admission of other-acts evidence for the purpose of showing propensity, and that MCL 768.27a prevails over MRE 404(b). *Watkins*, 491 Mich at 455. Evidence admissible under MCL 768.27a remains subject to MRE 403, and may be excluded under MRE 403 if " 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *Id*. at 481, quoting

---

[1] The trial court's order cites both petitions, but in its oral ruling the court stated that it was ruling only with respect to the first petition. Our opinion today applies, in any event, to both cases.

[2] Respondent did not and does not dispute that the petitions involve "listed offense[s]" under MCL 768.27a(1).

MRE 403. When applying MRE 403 to evidence admissible under MCL 768.27a, a trial court must weigh the propensity inference in favor of the probative value of the evidence, rather than in favor of its prejudicial effect. *Id*. at 487. "[O]ther-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. However, courts may exclude such evidence under MRE 403 for other reasons, including:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

"This list of considerations is meant to be illustrative rather than exhaustive." *Id*. at 488.

The central question presented in this case is whether MCL 768.27a applies in juvenile-delinquency trials. MCL 768.27a does not expressly reference juvenile-delinquency trials. MCR subchapter 3.900 governs proceedings involving juveniles. MCR 3.901(A)(3) states that "[t]he Michigan Rules of Evidence, except with regard to privileges, do not apply to proceedings under this subchapter, except where a rule in this subchapter so provides. . . ." See also MRE 1101(b)(7) (providing that the Michigan Rules of Evidence do not apply to juvenile proceedings "wherever MCR subchapter 3.900 states that the Michigan Rules of Evidence do not apply"). MCR 3.942 governs juvenile trials. MCR 3.942(C) states: "The Michigan Rules of Evidence and the standard of proof beyond a reasonable doubt apply at trial." Therefore, the Michigan Rules of Evidence apply in juvenile-delinquency trials. MRE 101 provides that "[a] statutory rule of evidence not in conflict with these rules or other rules adopted by the Supreme Court is effective until superseded by rule or decision of the Supreme Court." MCL 768.27a is a statutory rule of evidence. *Watkins*, 491 Mich at 473. Although MCL 768.27a conflicts with MRE 404(b), the Supreme Court has determined that for cases encompassed by the language of MCL 768.27a, MCL 768.27a supersedes MRE 404(b). *Watkins*, 491 Mich at 476-477. Therefore, as a statutory rule of evidence, MCL 768.27a is effective under the Michigan Rules of Evidence because the statutory rule has not been superseded by rule or decision of the Supreme Court but has, on the contrary, been held by the Supreme Court to supersede MRE 404(b). Because the Michigan Rules of Evidence apply in juvenile-delinquency trials, the statute at issue—a statutory rule of evidence that supersedes MRE 404(b)—is applicable in juvenile-delinquency trials.

Reinforcing this conclusion is that, although "juvenile proceedings are not considered to be criminal prosecutions[,]" *In re McDaniel*, 186 Mich App 696, 698; 465 NW2d 51 (1991), juvenile-delinquency proceedings are nonetheless closely analogous to the criminal process, *In re Carey*, 241 Mich App 222, 226-227; 615 NW2d 742 (2000). "[W]hen addressing a question implicating the juvenile code, this Court routinely looks to the adult criminal code and cases that interpret it so long as they are not in conflict or duplicative of a juvenile code provision." *In re Killich*, 319 Mich App 331, 337; 900 NW2d 692 (2017); see also *In re McDaniel*, 186 Mich App at 699 (holding that a criminal statutory provision abolishing the distinction between a principal and an accessory applies in juvenile proceedings). In *In re Alton*, 203 Mich App 405, 407; 513

NW2d 162 (1994), this Court stated that substantive criminal law applies in juvenile-delinquency proceedings when the critical issue is whether the juvenile violated the law. The Michigan Supreme Court has held that "MCL 768.27a is a valid enactment of substantive law"[3] that "is based on policy considerations over and beyond the orderly dispatch of judicial business." *Watkins*, 491 Mich at 475. In particular, MCL 768.27a "reflects a substantive legislative determination that juries should be privy to a defendant's behavioral history in cases charging the defendant with sexual misconduct against a minor." *Id*. at 476. The Supreme Court explained that MCL 768.27a was enacted "to address a substantive concern about the protection of children and the prosecution of persons who perpetuate certain enumerated crimes against children and are more likely than others to reoffend." *Id*. MCL 768.27a embodies substantive policy considerations regarding criminal law, *id*. at 475-476, and there is no provision in the juvenile code or juvenile court rules that conflicts with or parallels MCL 768.27a. The applicable statutory language, court rules, and caselaw demonstrate that the trial court erred by concluding that MCL 768.27a did not apply to the proceedings in question.

As noted, the trial court also based its decision to exclude the other-acts evidence on an application of MRE 403. As discussed, the Supreme Court in *Watkins* ruled that evidence admissible under MCL 768.27a remains subject to MRE 403, but in undertaking an analysis under MRE 403, a trial court must weigh the propensity inference in favor of the probative value of the evidence rather than in favor of its prejudicial effect. *Watkins*, 491 Mich at 481, 487. From a reading of the trial court's ruling, it appears that the trial court improperly weighed the propensity inference in favor of the prejudicial effect of the evidence. Accordingly, we vacate the trial court's order excluding the other-acts evidence and direct the trial court to make its MRE 403 determination in accordance with the principles set forth in *Watkins*, 491 Mich at 486-490.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

---

[3] The *Watkins* Court discussed the distinction between "procedural rules of evidence" and "substantive rules of evidence," concluding that MCL 768.27a is a substantive rule of evidence. *Watkins*, 491 Mich at 474-475.