*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CASEY RAY BAKER, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellant,

v

CASEY RAY BAKER,

      Respondent-Appellee.

UNPUBLISHED
October 12, 2023

No. 362240
Tuscola Circuit Court
Family Division
LC No. 21-011690-DL

---

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Petitioner appeals by delayed leave granted[1] the trial court's order dismissing with prejudice the juvenile-delinquency complaint against respondent. We vacate and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent, a juvenile, was involved in an automobile/motorcycle accident on June 4, 2021, which resulted in the death of the motorcyclist. On September 15, 2021, petitioner filed a juvenile delinquency complaint and petition against respondent in the juvenile division of the trial court. The petition alleged that respondent "did commit a moving violation, while operating a vehicle upon a highway Huron Line Road at/near Walsh Road, causing the death of Ronald Horning, Jr.; contrary to MCL 257.601d(1) . . ." The complaint provided the following factual basis for the request that the petition be authorized:

---

[1] *In re Casey Ray Baker*, unpublished order of the Court of Appeals, entered January 18, 2023 (Docket No. 362240).

-1-

On or about 7/4/21, Deputy Jonathan Ramirez was dispatched to a motor vehicle accident involving a car and motorcycle. While in route, Deputy Ramirez learned that the motorcyclist had died. [Respondent] initially stated that he stopped at the edge of the grass of the triangle shaped median, did not see anyone, then proceeded through the [sic] as he entered the southbound lane saw a motorcycle in his lane swerved left to avoid the collision, motorcycle swerved right and they collided. After the scene was recreated, [respondent] changed his story and admitted that he went through the intersection at no more than 30 mph. [Respondent's sister] confirmed that her brother did not stop at the intersection. Upon recreated [sic] the scene deputies learned that why [sic] maneuvering the corner, [respondent] left his lane of travel and entered the oncoming lane wherein he collided with the motorcycle being operated by Ronald Horning Jr.

Petitioner's initial proposed jury instructions, filed in January 2022, similarly identified the alleged moving violation as "improper lane usage." Respondent's initial proposed jury instructions, also filed in January 2022, also referred to the moving violation alleged to have been committed by respondent as "improper lane usage." A supplemental jury instruction filed by respondent one day after filing his proposed instructions contained the full text of MCL 257.642, which provides rules applicable to roadways divided into two or more marked lanes.

Trial began on May 10, 2022. After the jury was empaneled, petitioner's counsel began his opening statement. Respondent's counsel then orally moved to dismiss the petition, arguing that the petition was defective for not disclosing the specific moving violation respondent allegedly had committed. Petitioner's counsel opposed the motion, arguing that the petition was sufficient as written. Further, petitioner's counsel stated that petitioner had provided proposed amended jury instructions to respondent's counsel that morning, which specifically described that respondent was charged with committing a moving violation by (1) not driving the vehicle upon the right half of the roadway or (2) driving on the left side of the roadway upon a curve in the highway where the driver's view is obstructed within a distance to create a hazard in the event another vehicle might approach from the opposite. The proposed instructions cited MCL 257.634[2] and MCL 257.639[3] as the source of the specific moving violation or violations that respondent was alleged to have committed.

The trial court granted respondent's motion, stating:

> Everyone is entitled to due process in the United States. And part of that due process is making sure that you have the ability to prepare yourself for a trial in this matter.

---

[2] MCL 257.634(1) generally provides, with certain exceptions, that the driver of a vehicle "shall drive upon the right half of the roadway."

[3] MCL 257.639(1) identifies circumstances in which a vehicle "shall not be driven to the left side of the roadway."

[Respondent's counsel], I agree with you. This should have been done and it should have been done at least a week ago.

So your request is considered and granted.

The trial court thereafter entered an order dismissing the complaint with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

"The trial court's entry of an order of disposition in a juvenile-delinquency proceeding is reviewed for an abuse of discretion, while its factual findings are reviewed for clear error." *People v T.J.D. (In re Diehl)*, 329 Mich App 671, 687; 944 NW2d 180 (2019).

A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. This Court will reverse a trial court's finding of fact only if this Court is left with a definite and firm conviction that a mistake has been made. [*Id*. (quotation marks and citations omitted).]

## III. ANALYSIS

On appeal, petitioner argues the trial court erred when it dismissed the case against respondent with prejudice because the petition was not deficient, and even if it was, an amendment, rather than dismissal, would have been the appropriate recourse. We agree.

The petition, as written, was not deficient. The "practice and procedure in the family division of the circuit court in all cases filed under the Juvenile Code" is governed by MCR 3.901 *et seq*. Under MCR 3.931(A), "[a]ny request for court action against a juvenile must be by written petition." Among other requirements, the petition must contain "sufficient allegations that, if true, would constitute an offense by the juvenile," and "a citation to the federal, state, or local law or ordinance allegedly violated by the juvenile[.]" MCR 3.931(B)(3), (5). Further, MCL 712A.11(3), states a petition "shall set forth plainly the facts that bring the juvenile within this chapter . . . ."

Here, the petition cited the statute respondent allegedly violated and included a short set of alleged facts, stating that respondent "did commit a moving violation while operating vehicle upon a highway on Huron Line Road at/near Walsh Road, causing the death of Ronald Horning, Jr.; contrary to MCL 257.601d(1) . . . ." MCL 257.601d(1) states:

A person who commits a moving violation while operating a vehicle upon a highway or other place open to the general public, including, but not limited to, an area designated for the parking of motor vehicles, is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00, or both, if the moving violation was the proximate cause of the death of another person.

The petition therefore satisfied the letter of the law—it cited the state law allegedly violated by respondent for which petitioner was seeking to impose charges. MCR 3.931(B);

-3-

MCL 712A.11(3). Moreover, the complaint, which was filed the same day as the petition, stated more particularly the circumstances of the incident at issue, specifically asserting that respondent had "left his lane of travel and entered the oncoming lane." There was therefore no error in the trial court's authorization of the petition and acceptance of the complaint for filing.

It is true that neither the petition nor the complaint cited the statutory provision(s) comprising the specific moving violation respondent was alleged to have committed. Due process requires that a respondent be given reasonable notice of the charges against him. See *People v Carey (In re Carey)*, 241 Mich App 222, 227; 615 NW2d 742 (2000) (due process requires a juvenile have notice of the charges against him). However, as noted, respondent was apprised from the outset that he was charged with having "left his lane of travel and entered the oncoming lane," and respondent's own proposed jury instructions reflect that he understood—months before trial—that he was charged with "improper lane usage."

Even assuming that petitioner should have informed respondent earlier of the specific statutory provisions implicated by the alleged improper lane usage, this could have been accomplished through an amendment of the petition. Under MCL 712A.11(6), "[a] petition or other court record may be amended at any stage of the proceedings as the ends of justice require." Likewise, in the adult criminal code,[4] a court may permit the prosecutor to amend the information before, during, or after trial, unless the proposed amendment would unfairly surprise or prejudice the defendant. *People v Warner*, 339 Mich App 125, 135; 981 NW2d 733 (2021).

We conclude that the trial court abused its discretion by imposing the extreme sanction of dismissal with prejudice as a consequence of petitioner's failure to amend the petition or otherwise provide respondent with notice of the specific statutory provisions implicated by respondent's alleged moving violation. See *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995) (noting, albeit in the context of dismissal as a discovery sanction, that "dismissal is a drastic step that should be taken cautiously"). On the record before us, respondent would not have been unfairly surprised or prejudiced by allowing an amendment of the petition. *Warner*, 339 Mich App at 135. Again, both the complaint and petitioner's proposed jury instructions provided petitioner's theory of the case—that respondent had committed a lane usage violation. Respondent seemingly acknowledged this theory by including the same in his own proposed jury instructions. Respondent was therefore generally aware that the petitioner's case hinged on proving that respondent had committed a lane usage violation. Amending the petition to specify that the alleged moving violations were those found in MCL 257.634 and MCL 257.639 would not have altered the substance of the charges against respondent, and would not have prevented respondent from mounting a defense to the charges against him. See *People v Hunt*, 442 Mich 359, 364; 501 NW2d 151 (1993). And if the amendment was paired with a reasonable adjournment, any potential prejudice to respondent could have been eliminated. See *People v Adams*, 202 Mich App 385, 391; 509 NW2d 530 (1993) ("Had the prosecutor notified defendant before the opening of proofs

---

[4] " '[W]hen addressing a question implicating the juvenile code, this Court routinely looks to the adult criminal code and cases that interpret it so long as they are not in conflict or duplicative of a juvenile code provision.' " *People v Kerr (In re Kerr)*, 323 Mich App 407, 414; 917 NW2d 408 (2018), quoting *State v Killich (In re Killich)*, 319 Mich App 331, 337; 900 NW2d 692 (2017).

that he would also seek an instruction on receiving and concealing stolen property, that may well have been entirely adequate notice to allow the trial court to grant a request for such an instruction, particularly if the trial court were generous in granting any request by defense counsel for a continuance to allow for any additional preparation necessary for the changed character of the trial to come.").

Petitioner did not seek to amend the petition until the day of trial. But respondent also did not challenge the adequacy of the petition, or raise the issue of reasonable notice of the charges against him, until the day of trial. Amendment of the petition and a reasonable adjournment would have cured any potentially prejudicial effect and would not have unfairly surprised or prejudiced respondent. Accordingly, we conclude that the trial court abused its discretion by declining to allow amendment in favor of dismissing the case against respondent with prejudice. *In re Diehl*, 329 Mich App at 687.

We vacate the trial court's order dismissing the case against respondent with prejudice, and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney