*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CW, Minor.

UNPUBLISHED
November 30, 2023

No. 363443
Wayne Circuit Court
Family Division
LC No. 2022-000478-DL

*In re* DJ, Minor.

No. 363533
Wayne Circuit Court
Family Division
LC No. 2022-000476-DL

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

In these consolidated appeals arising from delinquency proceedings, the trial court adjudicated respondents responsible for unarmed robbery, MCL 750.530; larceny from the person, MCL 750.357; and assault and battery, MCL 750.81, adopting the recommendation of the trial court referee after a bench trial. Respondents appeal as of right the trial court's orders of adjudication. We affirm.

## I. FACTS

On November 6, 2021, eighth-grade student JM was walking alone when he was attacked by respondents and a third unidentified person wearing a ski mask. JM recognized respondents as classmates from school; JM testified that he had known respondent CW for about one year and had known respondent DJ since third or fifth grade. JM testified that on the day of the attack, he was turning a corner when respondents and the masked person "jumped" him, punching him in the head, face, legs, and torso. JM testified that CW began to shout "give me the money, give me the

-1-

bread." One of the three attackers then grabbed a $20 bill that had fallen from JM's jacket pocket, and the three attackers ran away. JM sustained injuries to his hearing implant as a result of the attack. JM reported the attack to the police. Detroit Police Officer Valerie Fraiser responded and observed JM's swollen face and dried blood on the area around his hearing implant. Officer Fraiser testified that JM told her that the perpetrators took a $20 bill from his pocket during the attack. The money was not returned to JM.

Respondents were charged with unarmed robbery, larceny from the person, and assault and battery. In the course of delinquency proceedings, a bench trial was held before the trial court referee. At the bench trial, JM identified DJ and CW, who were present at the proceeding, as two of the attackers. CW testified that he was not one of the attackers, but that while walking home that day, he saw JM being attacked by three unknown people wearing ski masks. DJ similarly testified that while walking home from basketball practice that day, he saw three masked people follow JM and punch him. At the conclusion of the bench trial, the referee found each respondent responsible for unarmed robbery, larceny from the person, and assault and battery. Respondents requested a review of the referee's recommendation, arguing that the evidence was insufficient to support the findings. The trial court affirmed the referee's ruling in each case. Respondents now appeal.

## II. DISCUSSION

## A. SUFFICIENCY OF THE EVIDENCE

Respondents contend that the trial court improperly found them responsible for unarmed robbery, larceny from the person, and assault and battery because there was insufficient evidence to support the adjudications. We disagree.

Juvenile delinquency proceedings are not criminal prosecutions, but are closely analogous. *In re Kerr*, 323 Mich App 407, 412; 917 NW2d 408 (2018). In juvenile delinquency proceedings, the standard of proof at the adjudicative stage, as in adult criminal proceedings, is proof beyond a reasonable doubt. MCR 3.942(C); *In re Whittaker*, 239 Mich App 26, 28; 607 NW2d 387 (1999). We review de novo a challenge to the sufficiency of the evidence presented at trial. *People v Wang*, 505 Mich App 239, 251; 952 NW2d 334 (2020). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Smith*, 336 Mich App 297, 303; 970 NW2d 450 (2021). Circumstantial evidence and the reasonable inferences drawn from the evidence can provide sufficient evidence to prove the elements of an offense. *People v Lymon*, 342 Mich App 46, 56; 993 NW2d 24 (2022). We do not disturb a trier of fact's determination regarding the weight of the evidence or witness credibility. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

## 1. IDENTITY AND CREDIBILITY

Respondents contend that the prosecution presented insufficient evidence to demonstrate that they were among the attackers. Due process requires that the prosecution prove each element of an offense beyond a reasonable doubt, *Smith*, 336 Mich App at 308, and identity is an element

of every crime. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). In this case, JM consistently identified DJ and CW as two of the attackers. JM was acquainted with respondents because they were school classmates; he had known CW for approximately one year and had known DJ since third or fifth grade. By contrast, respondents testified that they were not the attackers, challenging JM's credibility. DJ and CW each testified that while walking home separately on that day, each of them saw JM being attacked by three unknown people.

Respondents argue that JM's testimony is insufficient to prove that they were the attackers because they refuted JM's testimony. The determination of witness credibility is for the trier of fact, *People v Anderson*, 341 Mich App 272, 277; 989 NW2d 832 (2022), and we defer to the trial court regarding the weight of the evidence and credibility of witnesses, *SP v BEK*, 339 Mich App 171, 187; 981 NW2d 500 (2021). Moreover, conflicting testimony and questions of witness credibility generally are an insufficient basis to grant a new trial. *Anderson*, 341 Mich App at 277.

Here, the trial court found JM's testimony credible, and respondents' testimony lacking in credibility. JM reported the attack to police soon after it occurred and identified respondents as two of the attackers. The responding officer observed that JM showed signs of injury consistent with the described attack. At trial, JM testified consistently with his earlier report that respondents were two of the attackers; JM was well-acquainted with respondents and identified them at trial. We conclude that the record provides ample support for the trial court's finding that respondents were among JM's attackers.

## 2. UNARMED ROBBERY

The elements of unarmed robbery, MCL 750.530, are (1) felonious taking of the property of another, (2) by force or violence or assault or putting in fear, (3) while unarmed. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). Unarmed robbery is a specific intent crime which requires the prosecution to establish that the defendant intended to permanently deprive the owner of property. *Id.* However, because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent. *Id.* at 177-178. Every person involved in the commission of an offense, whether directly or by aiding and abetting, may be prosecuted as if he directly committed the offense. MCL 767.39. To convict a defendant under an aiding and abetting theory, the prosecution must demonstrate that "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or knew that the principal intended its commission at the time the defendant gave aid and encouragement." *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006).

The evidence in this case demonstrates that respondents and a third person took JM's money by force while assaulting him and apparently while unarmed. One of the assailants took JM's money, and all the assailants used violence against JM during the commission of the larceny. During the assault, CW shouted "give me the money, give me the bread," demonstrating the intent to take JM's money. Construing this evidence in the light most favorable to the prosecution, a reasonable trier of fact could find beyond a reasonable doubt that respondents were responsible for unarmed robbery.

### 3. LARCENY FROM THE PERSON

A person is guilty of larceny from the person when he or she steals from the person of another. MCL 750.357. To prove larceny from the person, the prosecution must demonstrate the trespassory taking and carrying away of the personal property of another with the intent to steal that property, and that the property was taken away from the victim's physical possession or immediate proximity. *People v Smith-Anthony*, 494 Mich 669, 672; 837 NW2d 415 (2013). Again, every person "concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39.

In this case, JM testified that respondents and a third, unidentified person in a ski mask attacked him. JM testified that during the attack, CW shouted "give me the money, give me the bread." JM testified that one of the attackers grabbed a $20 bill that had been in JM's jacket pocket. Officer Fraiser testified that JM reported that the perpetrators reached into his pocket and stole a $20 bill during the attack. Regardless of whether the attackers took the $20 from JM's pocket or from the ground where they were assaulting JM, JM's property was taken from his physical person or his immediate proximity and was never recovered. Although JM was unable to identify which of his attackers took his money, the evidence shows: (1) one of the three attackers took JM's money; (2) respondents took part in the assault that facilitated the larceny; (3) CW had the intent to take JM's money because he yelled "give me the money, give me the bread"; and (4) DJ knew, based on CW's statement, that CW intended to take JM's money. Because the evidence supports a finding that respondents committed larceny from the person, the trial court did not err by finding respondents responsible.

### 4. ASSAULT AND BATTERY

Assault is defined as "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (quotation marks and citations omitted). Battery is defined as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (citation omitted). Every battery necessarily includes an assault because "[a] battery is the consummation of the assault." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). In this case, JM testified that respondents and a third person punched him in his head, face, legs, and torso. As a result of the attack, JM sustained injuries to his head and face, including his hearing implant. This constitutes an assault and battery, as it was an unconsented and harmful touching. See *Starks*, 473 Mich at 234.

CW argues that the prosecution presented insufficient evidence to find him responsible for assault and battery because (1) JM admitted he was uninjured, (2) JM's glasses were not knocked off or damaged, and (3) JM never called for help or told the individuals to stop the attack. The record indicates, however, that JM did not admit he was uninjured as a result of the attack; rather, JM denied that he was still injured at the time of trial. Regardless, because it does not matter whether the battery caused injury, *Terry*, 217 Mich App at 663, CW's claim lacks merit. Additionally, that JM's glasses were not knocked off or damaged during the assault does not negate or disprove JM's testimony that CW hit JM. JM testified that respondents attacked him, and

Officer Fraiser testified that JM sustained injuries consistent with the attack described by JM. Finally, that JM did not call for help or tell the individuals to stop does not indicate JM's consent; JM's testimony demonstrates that the assault was unconsented. Because the evidence supports the trial court's finding that respondents were responsible for assault and battery, respondents are not entitled to relief.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado