*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KS, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

KS,

        Respondent-Appellant.

UNPUBLISHED
October 15, 2024
9:53 AM

No. 368997
Wayne Circuit Court
Family Division
LC No. 2020-000246-DL

---

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Respondent, a juvenile, appeals by right the trial court's dispositional order adjudicating him responsible for third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration with person older than 13 years of age but younger than 16). We affirm.

## I. BACKGROUND

This case arises out of allegations made by ZL, who was 15 years old at the time of the offense, that she was sexually assaulted by respondent. ZL testified that respondent took her to a place where they could be alone then touched her breasts, digitally penetrated her vagina, and forced her to touch his genital area over his pants with her hand. ZL described repeatedly asking respondent to stop while this was happening. Respondent testified in his own defense, asserting that they consensually kissed and that he touched her buttocks. According to respondent, ZL did not tell him to stop until he touched her inner thigh—near her genital area—and that he stopped when she asked him to. The court found ZL more credible, and accordingly, adjudicated respondent as described above.

## II. SUFFICIENCY OF THE EVIDENCE

Respondent argues there was insufficient evidence to support his adjudication for CSC-III. We disagree.

-1-

"Generally, we review a challenge to the sufficiency of the evidence in a bench trial de novo and in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005) (quotation marks and citation omitted). "All conflicts with regard to the evidence must be resolved in favor of the prosecution. Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *Id*. (Citation omitted). "Due process requires the prosecution to prove every element beyond a reasonable doubt." *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021) (quotation marks, citation, and alteration omitted). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

CSC-III is governed by MCL 750.520d, which provides in relevant part:

(1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:

* * *

(a) That other person is at least 13 years of age and under 16 years of age.

Respondent argues that the prosecution failed to produce sufficient evidence of force or coercion and that the prosecution failed to prove that the encounter was not consensual. Even though ZL testified that the penetration was performed forcefully and without consent, respondent was charged pursuant to MCL 750.520d(1)(a). Accordingly, the only elements it needed to prove were that ZL was older than 13 but younger than 16 and that respondent engaged in sexual penetration with her. Because force and consent are not elements of the theory under which respondent was charged, this argument is without merit. Respondent also argues that there was insufficient evidence of penetration. " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r). The following exchange occurred during ZL's direction examination:

*Q*. He put his hands down the front of your pants?

*A*. Yes.

*Q*. Okay. And did he do anything else? Did anything else happen after that or as part of that, if anything?

*A*. He tried to put his fingers, he tried to put his fingers inside my genital area.

*Q*. You said inside of your genital area?

*A*. Yeah.

*Q.* And was he successful in doing that or were you successful in keeping him from doing that?

*A.* He was successful in doing that.

ZL's testimony that respondent "was successful in" putting "his fingers inside" of her "genital area" was sufficient to prove this element beyond a reasonable doubt.

### III. JUDICIAL CONFUSION AND IMPROPER JUDICIAL FINDINGS

Respondent argues the trial court erred by applying an incorrect standard of proof when adjudicating respondent responsible for CSC-III, misunderstanding the elements of the underlying charge, and finding respondent responsible for an uncharged crime. We disagree.

An alleged violation of a person's due process rights presents a constitutional question and is reviewed de novo. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010).

Juvenile delinquency proceedings are "closely analogous to the criminal process." *In re Kerr*, 323 Mich App 407, 414; 917 NW2d 408 (2018) (citation omitted). "[S]ubstantive criminal law applies in juvenile-delinquency proceedings when the critical issue is whether the juvenile violated the law." *Id.* At a juvenile delinquency proceeding, "[t]he Michigan Rules of Evidence and the standard of proof beyond a reasonable doubt apply at trial." MCR 3.942(C). Further, "the verdict must be guilty or not guilty of either the offense charged or a lesser included offense." MCR 3.942(D).

The record establishes that, while the trial court incidentally misspoke multiple times while delivering its findings, it did use the correct standard of proof and articulated the correct elements. Any misstatements were timely corrected. When it began its findings, the trial court correctly stated: "The prosecutor has to prove and establish its case beyond a reasonable doubt." However, after making detailed findings, the trial court erroneously stated that the elements of CSC-III were met by "clear and convincing evidence." At defense counsel's request, the trial court conducted an off-the-record conference with both attorneys. When the trial court went back on the record, it recognized a "mistake" was made when it first announced the applicable burden of proof. The trial court attempted for a second time to explain, somewhat mistakenly, the applicable burden of proof:

> I said it was clear and convincing evidence. That's not the highest standard of the law. My findings are that the prosecution has proved by clear and convincing evidence and that's the highest burden of proof under the legal system in the United States and in Michigan that they've proven the elements of criminal sexual conduct third degree.
>
> I'm going to just reiterate this briefly. . . . But its [sic] proved the elements of criminal sexual conduct in the third degree which are found in [MCL 750.520d(1)(a)] have been proven to the Court beyond a reasonable doubt. Also, the elements of sexual penetration, which is found in [MCL 750.520a(r)] that also has been proven by clear and convincing evidence.

Petitioner's counsel interjected, stating: "I think it's beyond a reasonable doubt is the standard, your Honor." The trial court responded: "I'm sorry, everybody. I spent 30 years in probate. I apologize." The court then listed all of the elements of CSC-III and stated that they were proved beyond a reasonable doubt. The court concluded by saying, "So all of those elements have been proven beyond a reasonable doubt and as a result that's why the Court finds that [KS] is guilty of criminal sexual conduct in the third degree."

At that point, the prosecutor requested to speak off the record "just to make sure that I understand everything." The court then made the following statement when the case was back on the record:

> The Court's findings, I'll say this once again just so we're clear on the record, the . . . only elements necessary under the law to establish this, well, this element was proven that by beyond a reasonable doubt that sexual penetration did occur . . . by the use of [respondent's] finger into [ZL's] genitals pursuant to [MCL 750.520a(r)] that in addition to the finding of fact that the victim, [ZL], was under the age of 16. The testimony established she was age 15 when the incident occurred. That is sufficient and the prosecution has established his burden of beyond a reasonable doubt that the criminal sexual conduct third degree offense did occur, and that's pursuant to [MCL 750.520d(1)(a)].

In sum, the court made it clear that the correct standard of proof was used.

Defendant also takes exception to comments the court made regarding the use of force or coercion. The court made it very clear that, because of ZL's age, the only additional element the prosecution needed to prove beyond a reasonable doubt was the occurrence of sexual penetration. However, the court multiple times stated that the prosecution also proved that respondent used force or coercion to achieve this penetration. The court also explicitly stated that this was not an element of the offense as it had been charged, and the court never insinuated that it was finding defendant guilty of any additional offenses. We know of no authority suggesting that a court cannot permissibly find that the prosecution proved facts beyond what was necessary to establish the elements of a charged offense.

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado