*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* AALIYAH TORREZ REYNERO, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

AALIYAH TORREZ REYNERO,

        Respondent-Appellant.

UNPUBLISHED
September 16, 2025
9:03 AM

No. 370509
Tuscola Circuit Court
Family Division
LC No. 20-011607-DL

---

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In this juvenile delinquency action, respondent appeals as of right from the trial court's order adopting Juvenile Probation's disposition recommendation and ordering Probation to seek a residential facility placement for respondent following her plea of admission to third-degree retail fraud, MCL 750.356d(4). Respondent argues that her plea was not understandingly made because the court failed to advise her of the potential disposition of placement in a residential facility[1] in accordance with MCR 3.941(C)(1)(b).[2] For the reasons that follow, we vacate and remand.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 5, 2023, while respondent was on probation, petitioner filed a complaint and petition against her for third-degree retail fraud involving an incident at Walmart. The court authorized the petition, and respondent subsequently pleaded guilty to the charge of third-degree

---

[1] Respondent asserts generally that she was not advised of possible placement in a residential facility, but more specifically that she was not advised of potential placement in an out-of-state residential facility.

[2] Petitioner has not filed a brief on appeal.

retail fraud in a hearing at which she was represented by counsel and questioned by the court regarding her plea.

At respondent's joint disposition and dispositional review hearing, Juvenile Probation Officer Skakle presented the report from Juvenile Probation recommending that respondent either: (1) be placed in a residential treatment program; (2) have her case closed with maximum benefits achieved; or (3) continue on probation with certain requirements. Ultimately, the court ordered that Juvenile Probation seek placement for respondent in a residential facility.

## II. ANALYSIS

Respondent argues that her plea was not understandingly made because the court failed to advise her of the potential disposition of placement in a residential facility in accordance with MCR 3.941(C)(1)(b).

### A. PRESERVATION

"[A] defendant must properly preserve any issue relating to noncompliance with the court rules governing pleas, or any other claim that the plea was not understanding, voluntary, or accurate, by moving to withdraw the plea and raising as a basis for withdrawal the claim sought to be raised on appeal." *People v Kaczorowski*, 190 Mich App 165, 172; 475 NW2d 861 (1991). See also MCR 3.941(D) ("The court may take a plea of admission or of no contest under advisement. Before the court accepts the plea, the juvenile may withdraw the plea offer by right. After the court accepts the plea, the court has discretion to allow the juvenile to withdraw a plea.") Respondent did not move to withdraw her plea. Thus, this issue is unpreserved.

### B. STANDARD OF REVIEW

"[U]npreserved issues are reviewed for plain error affecting a party's substantial rights." *In re Diehl*, 329 Mich App 671, 701; 944 NW2d 180 (2019).

> "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." [*People v*] *Carines*, 460 Mich [750,] 763[; 597 NW2d 130 (1999).] The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*In re Diehl*, 329 Mich App at 701.]

"Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (quotation marks, citation, and alteration omitted).

### C. PLEA PROCEDURE

MCR 3.941, which governs pleas in juvenile proceedings, provides that a trial court "shall not accept a plea to an offense unless the court is satisfied that the plea is accurate, voluntary, and understanding." MCR 3.941(A). For a plea to be understandingly made, MCR 3.941(C) mandates

that the trial court inform the juvenile of the name of the offense charged, the possible dispositions, and that he or she will be foregoing a trial. MCR 3.941(C)(1). The possible dispositions in a juvenile delinquency case include placement in a private or public institution or agency. MCL 712A.18(1)(d) and (e).

We agree with respondent that the trial court failed to fully comply with MCR 3.941(C)(1). Following respondent's plea, and on the basis of recommendations from Juvenile Probation, the court ordered that Juvenile Probation seek placement for respondent in a residential facility. But when the court accepted respondent's plea, it did not list residential placement as a possible disposition *of the plea*. Rather, the court advised respondent that placement in a facility could be a consequence of failing to abide by probation requirements. Specifically, the following exchange occurred between the court and respondent:

> *The Court*: Do you understand there may be consequences to that plea? That is, continue you – continuing you on probation, maybe having you do certain classes, maybe other things that the Juvenile Probation Office might suggest. Do you understand that?

> *Respondent*: Yes, your Honor.

> *Court*: And if you don't abide by those things I can place you in detention or in a facility. Do you understand that?

> *Respondent*: Yes, your Honor.

Thus, the court plainly erred by failing to comply with MCR 3.941(C)(1)(b). And here, that plain error affected respondent's substantial rights and the integrity and fairness of the proceedings. *In re Diehl*, 329 Mich App at 701. While harmless error analysis generally applies to juvenile delinquency proceedings, *In re Lee*, 282 Mich App 90, 99; 761 NW2d 432 (2009), citing MCR 3.902(A) and MCR 2.613(A), "[a] plea that is not voluntary and understanding violates the state and federal Due Process Clauses," *People v Brinkey*, 327 Mich App 94, 99; 932 NW2d 232 (2019) (quotation marks and citation omitted; alteration in original).[3] And "[i]n order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea." *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016) (quotation marks and citation omitted) (holding that the defendant's plea was not understandingly made because the trial court failed to inform him of the full nature of the penalty for felony-firearm). In other words, " '[w]hen a defendant is not fully informed about the penalties to be

---

[3] "[A]lthough juvenile proceedings are not considered to be criminal prosecutions, juvenile-delinquency proceedings are nonetheless closely analogous to the criminal process." *In re Kerr*, 323 Mich App 407, 414; 917 NW2d 408 (2018) (quotation marks and citations omitted). Thus, when "addressing a question implicating the juvenile code, this Court routinely looks to the adult criminal code and cases that interpret it so long as they are not in conflict or duplicative of a juvenile code provision." *Id*. (quotation marks and citation omitted).

imposed, there is a clear defect in the plea proceedings because the defendant is unable to make an understanding plea . . . .' " *Brinkey*, 327 Mich App at 99, quoting MCR 6.302(B).[4]

Here, respondent's plea was not understandingly made because the trial court failed to fully inform her of the direct consequences of her plea, namely the possible dispositions, including placement in a residential facility which the court ultimately imposed, in violation of her due process rights. See MCR 3.941(C)(1)(b). And had respondent known of that possible disposition, she may not have pleaded to third-degree retail fraud. Thus, respondent demonstrated plain error affecting her substantial rights. Further, the error seriously affected the fairness or integrity of the proceedings because it undermined her right to a trial. See MCR 3.941(C)(1)(c)(*i*); *In re Whittaker*, 239 Mich App 26, 28; 607 NW2d 387 (1999) (although there is no constitutional right to a *jury* trial in juvenile proceedings, "juveniles are entitled to appropriate notice, to counsel, to confrontation and cross-examination, to a privilege against self-incrimination, and to a standard of proof beyond a reasonable doubt").

Accordingly, respondent's plea must be set aside. We vacate the adjudication and disposition orders, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin

---

[4] MCR 6.302 governs pleas of guilty or nolo contendere in criminal cases.